**UNITED STATES of America, Appellee,**

v.

**ONE 1976 LINCOLN CONTINENTAL MARK IV, V. I. N. 6Y89A852019 and Joan Jackson, Appellants.**

**No. 78–1061.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1978.

Decided Sept. 15, 1978.

Ronald Resnik, Ellis Olkon & Associates, P. A., Minneapolis, Minn., for appellant.

Andrew W. Danielson, U. S. Atty., and Donald F. Paar, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before ROSS, Circuit Judge, MARKEY, Chief Judge,* and HENLEY, Circuit Judge.

PER CURIAM.

This is an appeal from a judgment of the United States District Court for the District of Minnesota [1] forfeiting a 1976 model Lincoln Continental Mark IV automobile that had been used in the transportation of cocaine in violation of the Comprehensive Drug Abuse Prevention & Control Act of 1970, 21 U.S.C. § 801 *et seq.* Forfeiture of the vehicle was authorized by § 511(d) of the Act, 21 U.S.C. § 881(d). The proceeding instituted by the government was opposed by Joan Jackson, the record owner of the vehicle.

The claimant contended that the search of the car and the seizure of the small quantity of cocaine found therein were illegal; she also contended that she was the innocent owner of the car and had had nothing to do with its use to transport a controlled substance unlawfully.

A motion for summary judgment filed by the government was denied, and the case was tried on the merits to Judge Larson without a jury. He resolved the issues in the case adversely to the claimant. She appealed; we affirm the judgment of the district court.

The seizure of the vehicle took place in February, 1977. At that time Ms. Jackson was the paramour of Ellis Bellfield who had a record of at least one prior drug conviction. While the title to the automobile was registered in the name of Ms. Jackson, the district court permissibly found that the car was actually owned by and was subject to the control of Bellfield.

In February, 1977 local authorities in Moorhead, Minnesota had caused a warrant to be issued for the arrest of Bellfield on a charge of solicitation for prostitution. Local police officers had information that Bellfield would appear at a certain time at the Minneapolis-St. Paul Metropolitan International Airport, and officers stationed themselves there to await his appearance and arrest him.

Bellfield appeared in the automobile involved in this case and parked in a prohibited zone. He was arrested under the warrant that has been mentioned and airport security officers took the car in charge and removed it from the no parking zone. As part of standard operating procedure, the security officers examined the contents of the car for inventory purposes and discovered a small quantity of a substance that turned out to be cocaine. After the nature of the substance was definitely determined by federal chemists, forfeiture proceedings against the vehicle were commenced.

■ The district court held that the search of the vehicle by the security officers was a valid "inventory search." We agree. *See United States v. Chadwick,* 433 U.S. 1, 12–13, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), and *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976).

■ The claim of innocent ownership put forward by the claimant Jackson was disposed of by the district court in the following language:

As to the defense of innocence, claimant here has fallen far short of establishing such a defense. First, her innocence may be largely irrelevant, for although she was the registered owner of the car, the owner in fact was Bellfield. He was in possession and control of the vehicle not only at the time of the search and discovery of cocaine but at almost all times. He treated the car as his own; he picked it out and paid the downpayment on it and probably more; he had his name engraved on the dashboard; he drove it most of the time; in short, the registration in Joan Jackson's name was just so much paper.

But even assuming that Jackson's innocence would be a good defense under the circumstances of this case, it has not been

---

* The Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

1. The Honorable Earl R. Larson, United States Senior District Judge.

268

established. The defense, if it is available at all, is available only in the most narrow circumstances. First, it may be available to an owner of forfeited property where the property was taken without his privity or consent, or, second, where the owner 'was uninvolved in and unaware of the wrongful activity and had done all that reasonably could be expected to prevent the proscribed use of the property.' *United States v. One 1973 Buick Riviera, V. I. N. 4Y87U3H548756* [560 F.2d 897, 900 ([8 Cir.] 1977)]. The first situation applies to theft and is not relevant here, and claimant cannot bring herself within the second. She had lived with Bellfield for several years; she knew he had a previous drug conviction and was on Federal parole; she knew he and his friends used cocaine and there was testimony that she herself did so; she permitted Bellfield to use 'her' car without making any reasonable attempt to prevent its unlawful use for transporting controlled substances, although she had every reason to suspect it would be so used.

In conclusion the district court stated:

The Court finds that the defendant motor vehicle was used to transport, conceal, possess and facilitate the transportation, concealment, possession and sale of a contraband article, namely cocaine, a controlled substance within the meaning of 21 U.S.C. §§ 881(a)(1) and 812. The vehicle was subject to seizure and forfeiture under 21 U.S.C. § 881 and 49 U.S.C. § 782. No defenses were established by claimant. Plaintiff United States of America is entitled to judgment of forfeiture.

The opinion of the district court reflects no misconception of the law; its findings of fact are supported by substantial evidence and are not clearly erroneous.

Affirmed.