Charles G. FAYGAL, et al., Respondents,

v.

SHELTER INSURANCE COMPANY, Appellant.

No. 47469.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 19, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 9, 1985.

Application to Transfer Denied May 29, 1985.

Denis C. Burns, Private Atty., St. Louis, for appellant.

John B. Kistner, Private Atty., St. Louis, for respondents.

**PER CURIAM:**

This case is before the division after we granted a motion for rehearing. Defendant appeals from a judgment in favor of its insured, Charles Faygal. Faygal made a claim under the comprehensive coverage of his auto insurance policy for a 1979 Chevrolet pick-up truck which was stolen. Defendant denied liability. A jury awarded plaintiff $10,500.00 for the value of the vehicle and an additional $4,800.00 as damages for vexatious refusal to pay, as authorized in § 375.420, RSMo.Supp.1983.

On appeal, defendant contends that it was entitled to a directed verdict because plaintiff did not have an insurable interest in the motor vehicle. We reverse.

In January, 1979, plaintiff's father-in-law, John Mitzel, purchased and titled the 1979 Chevrolet pick-up truck in question in his name. He financed the purchase with a one year balloon note. Mitzel was an employee of General Motors, and as a company benefit, was able to purchase the truck at a reduced rate on the condition that he remain the title owner of the vehicle for

one year. Mitzel purchased the truck with the understanding that it was to be his son-in-law's truck. Their agreement was that although the truck was to be titled in Mitzel's name, plaintiff was to have exclusive possession of it and be responsible for taxes, maintenance and insurance. After one year, Mitzel was to transfer the legal title to plaintiff, who would pay off the balloon note.

Pursuant to their agreement, plaintiff ordered comprehensive insurance coverage on the truck from James O'Leary, an agent for defendant. According to plaintiff, he told O'Leary that he did not have title to the truck. The agent testified and denied plaintiff told him that. He testified that he made no inquiry of plaintiff as to who was the title owner of the vehicle. He also acknowledged that there was no question on the insurance application form designed to determine who had title to the vehicle. Defendant issued a policy on the truck to plaintiff as the named insured.

In December, 1979, the truck was stolen while parked in plaintiff's driveway. It was never recovered. Plaintiff filed a claim under the comprehensive coverage of his policy. During the course of the claim investigation, defendant determined that plaintiff was not the title owner of the vehicle. Defendant denied coverage because plaintiff lacked an insurable interest in the truck and returned that portion of the insurance premium for property loss coverage.

Plaintiff filed a five count petition against defendant. The jury returned a verdict in favor of plaintiff and assessed damages for defendant's refusal to pay on the policy.

Defendant contends as a matter of law, it was entitled to judgment. Section 301.-200.2, RSMo.1978, controls title to new vehicles. It provides that the purchaser of a new vehicle shall present a bill of sale from the dealer to the Department of Revenue which thereupon shall issue an original certificate of ownership. Section 301.210, RSMo.1978, controls the sale of motor vehicles, once an initial title has been issued. The statute explicitly states the necessary steps for assigning title and the presentment of the title to the Department of Revenue for the issuance of a new certificate of ownership. Subsection (4) provides:

It shall be unlawful for any person to buy or sell in this state any motor vehicle or trailer registered under the laws of this state, unless at the time of delivery thereof, there shall pass between the parties such certificate of ownership with an assignment thereof, as herein provided, and the sale of any motor vehicle or trailer registered under the laws of this state, without the assignment of such certificate of ownership, shall be fraudulent and void.

Section 301.210.4, RSMo.1978.

■ The mandatory requirements of § 301.210, are an attempt to prevent fraud and deceit in the sale of cars and to hamper traffic in stolen vehicles. This is a police regulation of the highest order and must be construed to accomplish the legislative purpose. *Greer v. Zurich Insurance Co.*, 441 S.W.2d 15, 26 (Mo.1969).

■ Missouri courts have consistently held by reason of § 301.210, that even if accompanied by full payment or physical delivery of possession, the attempted sale of an automobile is fraudulent and void, passing neither legal nor equitable title, unless as a reasonably contemporaneous part of the transaction, the previously issued certificate of ownership with a properly completed and acknowledged assignment by the seller delivered to the buyer. This rule applies equally to sales between individuals or between a dealer to an individual. *State Farm Mutual Automobile Insurance Co. v. MFA Mutual Insurance Co.*, 485 S.W.2d 397, 400–401 (Mo. banc 1972).

■ Under Missouri law, an insurance policy which insures property against loss or destruction may not be enforced unless the insured has an insurable interest in the property at the time of the insurance policy and at the time of loss. *Prewitt v. Continental Insurance Co.*, 538 S.W.2d 902, 905 (Mo.App.1976). Generally any title or interest in property legal or equitable will support an insurable interest. *Hayward v.*

*Fidelity-Phoenix Fire Insurance Co.*, 285 S.W. 144, 146 (Mo.App.1926). However, the question of an "insurable interest" as it relates to loss coverage of an automobile is not controlled by the general principles or cases relating to other forms of property. *Horton v. State Farm Fire & Casualty Co.*, 550 S.W.2d 806, 810 (Mo.App.1977). A purchaser of a vehicle who does not comply with the strict requirement of § 301.210, has no insurable interest in the vehicle. *Horton v. State Farm Fire & Casualty Co.*, 550 S.W.2d 806 (Mo.App.1977); *Personal Finance Co. of Missouri v. Lewis Investment Co.*, 138 S.W.2d 655, 656 (Mo.App.1940).

Plaintiff contends that § 301.210 has no application to this case since this is a "new" vehicle and § 301.210 only applies to "used" vehicle sales. We disagree. Once John Mitzel presented the dealer's bill of sale to the Department of Revenue, and received the original certificate of ownership in his name, pursuant to § 301.200, any assertion of ownership in the vehicle by plaintiff thereafter runs afoul of the requirements of § 301.210. "Painful as it may be," without a valid certificate of title plaintiff had no insurable interest in the truck. *Horton v. State Farm Casualty Co.*, 550 S.W.2d 806, 810 (Mo.App.1977). *See Meier v. Eureka-Security Fire & Marine Insurance Co.*, 168 S.W.2d 127, 133–34 (Mo.App. 1943).

Plaintiff contends that defendant is estopped from denying this claim by either its failure to inquire as to who was the title owner or by issuing the insurance policy with the knowledge that plaintiff was not the title owner. However, any actions or omissions by defendant cannot waive a public policy requirement that an insurable interest exist. *Galati v. New Amsterdam Casualty Co.*, 381 S.W.2d 5, 9 (Mo.App.1964); *Hirsch v. City of New York Insurance Co.*, 267 S.W. 51 (Mo.App. 1924). A valid and enforceable contract may not arise out of a transaction prohibited by state law. *Greer v. Zurich Insurance Co.*, 441 S.W.2d 15, 26 (Mo.1969).

Defendant's second point on appeal concerns damages for vexatious refusal to pay. Defendant was justified in its denial of coverage under the insurance policy, its refusal to pay was *a fortiori* not vexatious. *Hanson v. Continental Insurance Co.*, 573 S.W.2d 150, 152 (Mo.App.1978).

Ordinarily, we would reverse and remand for a new trial if there were a pleaded theory on which plaintiff could make a submissible case with the witnesses and evidence available. *Graham v. Conner*, 412 S.W.2d 193, 205 (Mo.App.1967); *See Pittock v. Gardner*, 530 S.W.2d 217, 221 (Mo. banc 1975). Here, one of the theories pleaded and separately submitted to the jury was the negligence of defendant in issuing an invalid policy without inquiring as to who was the title owner of the vehicle. The evidence fully justified such a submission. Unfortunately, after the jury returned a verdict on this claim for plaintiff (but assessed no damages), plaintiff consented to the entry of a directed verdict on this claim for defendant. Thus, there is no ground upon which to remand for a new trial.

Judgment reversed.