**PURITAN INSURANCE CO., Appellant,**

v.

**Roy B. YARBER, Patricia A. Massey, and Community Federal Savings and Loan Association, Respondents.**

No. 51419.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 20, 1987.

Philip L. Willman, St. Louis, for appellant, Puritan Ins. Co.

Allen I. Harris, St. Louis, for respondent Roy Yarber.

James M. McClellan, Sikeston, for respondent Patricia A. Massey.

Robert C. Jones, St. Louis, for respondent Community Fed. Sav. and Loan Ass'n.

KAROHL, Judge.

Puritan Insurance Company (Puritan) petitioned for declaratory judgment alleging defendant Yarber, lessee of a mobile home, did not have an insurable interest as owner in the mobile home-trailer; and Massey as owner-lessor and Community Federal Savings and Loan Association the lienholder and lender to Massey were not named insureds under an owner's policy for a mobile home. The court found for defendants finding them to have an insurable interest and covered under the policy for fire loss and dismissed the insurance company's petition for declaratory judgment. Puritan appeals. We reverse.

The parties submitted to the trial court a stipulation of facts. Since August 11, 1977, Patricia Massey has held a Missouri Certificate of Title to the trailer and since July 25, 1977, Community Federal has been identified on the certificate as the first lienholder. On September 1, 1979, Patricia A. Massey (owner-lessor) and Roy B. Yarber (lessee) entered into a written lease with an option to purchase at a fixed price. Until 1982, Roy Yarber lived in a 1977 Fulton Trailer. Thereafter, until December 5, 1983, Roy Yarber sub-leased the trailer to his son and daughter-in-law. The rental price for Yarber as stated in the lease was "to make all payments on said mobile home to Ferrell Mobile Homes at [the] offices of Community Federal Savings and Loan Association in accordance with the terms and conditions of the note due them secured by said mobile home, or in the alternative and at Lessee's option to allow Lessee to pay directly to Community Federal Savings and Loan Association (hereinafter, Community Federal), the amount of said rental which shall completely satisfy Lessee's obligation to pay rental as herein required." From 1979 until 1983, all payments were made by Roy Yarber to Community Federal.

On April 6, 1983, Yarber purchased from Puritan Insurance Co. an owner's mobile home insurance policy. Roy Yarber, as owner, is the only named insured on the policy. This is the policy which is the subject matter of this law suit. On December 5, 1983, the trailer located in Sikeston, Missouri, was destroyed by fire.

Puritan contends three points on appeal asserting: Massey as owner-lessor, Yarber as lessee and Community Federal as lienholder did not have an insurable interest or were not a named insured in the policy. It claims the trial court erred as a matter of law, in finding an insurable interest.

■ Puritan contends the trial court erred in finding for lessee Yarber because he can not have an insurable interest as owner in an owner's policy for a trailer under Missouri law if he does not hold title. In a declaratory judgment action we must

review both the law and the evidence, bearing in mind the trial court's judgment will not be set aside unless it is clearly erroneous. *Hendrickson v. Cumpton*, 632 S.W.2d 512 (Mo.App.1982). This court will sustain the trial court's judgment unless it is against the weight of evidence, or unless the court has erroneously declared the law or applied the law. *Willhite v. Marlow Adjustment, Inc.*, 623 S.W.2d 254 (Mo.App. 1981).

Puritan relies on *Faygal v. Shelter Ins. Co.*, 689 S.W.2d 724 (Mo.App.1985) for the proposition that Missouri courts have consistently held, by reason of § 301.210 RSMo 1978, that even if accompanied by full payment or physical delivery of possession, the attempted sale of an automobile (or trailer) is fraudulent and void, passing neither legal nor equitable title, unless as a reasonably contemporaneous part of the transaction, the previously issued certificate of ownership, with a properly completed and acknowledged assignment by the seller, is delivered to the buyer. *Faygal*, 689 S.W.2d at 726. This view is supported by a substantial public policy argument. In the case at bar Yarber had a lease with an option to purchase the trailer. He did not exercise the option before a fire destroyed the trailer. He did not fulfill the requirements of § 301.210 RSMo 1978 so as to assert an ownership interest. Puritan therefore contends the failure to fulfill the requirements of § 301.210 prevents the lessee from recovering as an owner and so named as insured in an owner's policy.

The requirements of § 301.210 are an attempt to prevent fraud and deceit in the re-sale of cars and trailers thereby hampering traffic in stolen vehicles. This police regulation must be strictly enforced in order to accomplish the legislative purpose. *Faygal*, 689 S.W.2d at 726. To allow an individual to secure ownership without a certificate of ownership will allow the same individual to insure an automobile or trailer obtained through fraudulent means, even if the means was unknown to the possessor. This would certainly frustrate the purpose of the statute. We also note that if a lessee can insure as an "owner" then sublessees could also insure as "owner." This would open the door to coverage of the same value or loss by multiple claimants.

"Generally any title or *interest* in property legal or equitable will support an insurable interest. (Citation omitted). However, the question of an 'insurable interest' as it relates to loss coverage of an automobile [or trailer] is not controlled by the general principles or cases relating to other forms of property. (Citation omitted). A purchaser of a vehicle who does not comply with the strict requirements of § 301.210, has no insurable interest in the vehicle." *Faygal*, 689 S.W.2d at 727 (citations omitted).

Yarber does not dispute the law as articulated in *Faygal* and similar cases cited by insurer. Rather, Yarber contends these cases are inapplicable for he is not a putative owner, but a *lessee* having "valuable property rights which may be insured." We agree with Yarber that he has property rights which may be insured. However, as a lessee his rights do not rise to the same interest as an owner and he only purchased a policy to insure his loss as an owner.

"[G]enerally a person has an insurable interest when he has such a relation or concern with the subject matter insured that he will derive pecuniary benefit or advantage from its preservation or suffer pecuniary loss or damage from its destruction." *Lumbermens Mutual Insurance Company v. Edmister*, 412 F.2d 351, 353 (8th Cir.1969). (Citation omitted).

[An insurable interest] may be a special interest entirely disconnected from any title, lien, or possession. If the holder of an interest in property will suffer direct pecuniary loss, by its destruction, he may indemnify himself therefrom by a contract of insurance. The question is not what is his title to the property, but rather, would he be damaged pecunarily by its loss if he would, he has an insurable interest. That interest may be derived by possession, enjoyment, or profits of the property, security or lien resting upon it, or it may be other certain

benefits growing out of or dependent upon it.

*American Central Insurance Company v. Kirby,* 294 S.W.2d 556, 561 (Mo.App.1956). (Citation omitted).

Yarber's insurable interest as lessee is undeniable. However, his interest would be limited to that of a lessee. Our examination of the lease discloses "[t]hat in the event said mobile home is destroyed or damaged so that it is untenantable, without fault of the Lessee, this lease shall terminate and any unearned prepaid rent shall be refunded to the Lessee, unless the option hereinafter provided shall have been exercised by the Lessee or shall be exercised by the Lessee within ten (10) days after such damage or destruction." According to the lease, Yarber's interest terminated ten (10) days after the destruction of the mobile home unless he exercised the option to buy.

Yarber cites *Graves v. Stanton,* 621 S.W.2d 524, (Mo.App.1981) for the proposition that the lessee of a mobile home had an insurable interest and may prevail. The facts in *Graves* are substantially different than the case at bar. In *Graves,* both the lessor and the lessee were named insureds. The lessee was named as the insured; the lessor as the mortgagee. The insurance policy was to cover the mobile home for $7,000 and the household and personal effects for $3,000. The lease provided for the lessee to maintain the insurance on the property. The lessee had exercised the option to purchase before the claim and the issue was who was to receive the proceeds; not whether any proceeds were due. In the case at bar the lessee did not exercise his option to purchase the mobile home and neither the lessor or the lienholder, Community Federal, were named insureds on the insurance policy. Puritan did not contest lessee's interest in personal property and has paid that claim.

We find the policy to be a comprehensive *owner's* policy which includes coverage of personal effects and personal liability. The policy is, without doubt, an owner's policy. The policy states, "YOUR Named Perils Mobile Home Coverage will include all items listed in the certificate of origin, bill of sale, manufacturers invoice or on the original sales invoice given to YOU at the time YOU purchased YOUR mobile home and which are inside or attached to YOUR mobile home."

Yarber also relies on *Farm Bureau Mutual Insurance Company v. Broadie,* 558 S.W.2d 751 (Mo.App.1977) for the proposition that insurance contracts are contracts of adhesion. If so, where there is an ambiguity it should be resolved in favor of the insured. Yarber contends the insurance company did not specify the policy was meant to be an owner's policy and cannot be heard now to complain and avoid coverage where it did not specify their view in their contract. We disagree, because the language of owner's policy is clear. Only the defendant had full knowledge of what his claimed interest might be. "The insurer is certainly entitled to know whether it is insuring a building [trailer] in which the assured has a full interest or only a fractional one. To permit a holder of less than a one-tenth interest at best to insure that interest for ten times its value removes the transaction from the category of insurance contracts to those of gambling agreements, concededly illegal in Missouri." *Lumbermens Mutual Insurance Company v. Edmister,* 412 F.2d 351, 357 (8th Cir.1969). This condition cannot be allowed so that lessees and sublessees can insure more than they own. The trial court erred in finding Yarber had an insurable interest as owner in an owner's insurance policy because he was not an owner. Additionally, the trial court committed error in finding Yarber had an insurable interest in conjunction with the unnamed owner and the unnamed lienholder.

■ Insurer contends in its second point on appeal that the trial court erred in finding in favor of the owner, Massey, because she cannot recover for the loss of the trailer in which she was not a named insured. Plaintiff cites *Wilmurth v. National Liberty Insurance Company of America,* 239 Mo.App. 1177, 206 S.W.2d 730 (1947) and

*Newbill v. Union Indemnity Company,* 60 S.W.2d 658 (Mo.App.1933) for the proposition that this fire policy was a personal contract between Yarber and Puritan Insurance Company and is not a contract in rem. Thereby, this owner's policy does not run with the property unless expressly stipulated. Massey's name was not on the policy as owner nor otherwise as a party in interest. One who is not named as an insured cannot have the benefit of insurance, unless there is language in the policy to show that it intended to cover said interest. No evidence was presented on behalf of Yarber or Massey to establish Yarber's intent to insure Massey in the Puritan Insurance contract or Puritan's interest to insure Massey. Massey is not entitled to recover and the trial court erred by holding otherwise.

■ Puritan's third point on appeal is the court erred in finding in favor of Community Federal as having an insurable interest and coverage because it was not named as an insured or lienholder under the policy. For the reasons articulated above the trial court erred in finding Community Federal had an insurable interest and coverage under the plaintiff's insurance policy. Our review of the insurance policy application and policy reveals no party was named as a lienholder. Additionally, we find nothing in the policy presented that Yarber ever intended to insure Community Federal or that Puritan intended coverage for Community Federal.

Judgment reversed.

PUDLOWSKI, P.J., and CRANDALL, J., concur.