UNITED STATES of America, Plaintiff,

v.

ONE BROWN 1978 MERCEDES BENZ 450 SEL VEHICLE, IDENTIFICATION NUMBER 11603312074960, Defendant.

No. 86–1562C(A).

United States District Court, E.D. Missouri, E.D.

March 30, 1987.

Nick A. Zotos, St. Louis, Mo., for defendant.

## MEMORANDUM OPINION

HARPER, District Judge.

This case was tried to the Court on December 17, 1986 on the Government's complaint seeking forfeiture of the defendant vehicle pursuant to 21 U.S.C. § 881(a)(4). The Court having considered the pleadings, the testimony of the witnesses, and the documents in evidence, hereby makes the following findings of fact and conclusions of law, as required by Rule 52 of the Federal Rules of Civil Procedure.

### FINDINGS OF FACT

(1) The defendant vehicle is a brown 1978 Mercedes Benz, 450 SEL, VIN 11603312074960, bearing Missouri license plate number RAH–170. The vehicle's title is registered in the name of Ruth Allen, claimant herein, who currently lives at 8230 Grobe, University City, Missouri. Allen purchased the vehicle on September 12, 1983 from Ellis Imports for $20,750.00 (Twenty Thousand Seven Hundred Fifty Dollars), being $12,000.00 in cash plus trade of Allen's 1982 Cadillac Seville.

(2) On September 18, 1985, Vernon Whitlock, Jr., was arrested and charged by a grand jury with eight counts of knowingly distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1). On April 28, 1986, Whitlock entered a plea of guilty on all counts contained in the indictment, and on May 30, 1986, was sentenced to a total of twenty years in the custody of the United States Attorney General and fined $8,000.00.

(3) On at least two occasions prior to his arrest, Whitlock employed the defendant vehicle to facilitate the sale of cocaine, a controlled substance.

(4) At trial, Allen testified that Whitlock had been her paramour for over twenty-one years and the father of one of her children. Whitlock had lived with Allen frequently throughout their relationship, and had been living with Allen during the time period leading up to Whitlock's arrest.

Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for plaintiff.

(5) Since sometime in 1981, Allen has worked as a security guard at the General Motors Plant in Wentzville, Missouri. Because she was not allowed to park the defendant vehicle at work due to its foreign manufacture, Allen would leave the vehicle and its keys at home. Allen gave Whitlock express permission to drive the defendant vehicle and placed no restrictions on his use thereof.

(6) On the date Whitlock was arrested, he was driving the defendant vehicle. Agents of the Federal Bureau of Investigation seized the defendant vehicle at the time of Whitlock's arrest.

(7) On August 1, 1986, the Government filed a complaint seeking forfeiture of the defendant vehicle pursuant to 21 U.S.C. § 881(a)(4).

(8) On September 8, 1986, Allen filed an answer alleging that she was the owner of the defendant vehicle, and was not involved in nor had any knowledge that the vehicle was used to facilitate drug trafficking.

## CONCLUSIONS OF LAW

The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1335, in that it involves a forfeiture proceeding under 21 U.S.C. § 881(a)(4). 21 U.S.C. § 881(a), in pertinent part, provides:

"The following shall be subject to forfeiture to the United States and no property right shall exist in them:

"(1) All controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of this subchapter.

\*  \*  \*  \*  \*  \*

"(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1) \* \* \*."

■ Case law establishes the relative burdens of proof in an action brought under this Section. The Government bears the initial burden of establishing only that "reasonable grounds" exist to believe that the vehicle was used "in any manner to facilitate the transportation, sale, receipt, possession, or concealment" of a controlled substance. *See United States v. Douglas Jefferson Leader; 1984 Sierra Classic 4 × 4 Truck,* No. 86–1765, slip op. at 2 (8th Cir.1986), 808 F.2d 840(table) (per curiam); *One Blue 1977 AMC Jeep CJ–5 v. United States,* 783 F.2d 759, 761 (8th Cir.1986) (per curiam). If the Government makes this proof, the burden then shifts to the claimant to establish by a preponderance of the evidence that the property is not subject to forfeiture, or that a defense to forfeiture applies. *See One Blue 1977 AMC Jeep CJ–5, supra,* at 761.

■ In the present case, the evidence clearly demonstrates that the defendant vehicle was used to facilitate the sale of a controlled substance. On two occasions, June 21 and September 18, 1985, Whitlock drove the defendant vehicle to locations in order to consummate the sale of cocaine to a St. Louis police officer, working in an undercover capacity. A search of the defendant automobile subsequent to Whitlock's arrest revealed several items of drug paraphernalia, including a glass smoking pipe and a test tube, which contained traces of cocaine. Accordingly, the Government has established a prima facie case for forfeiture of the defendant vehicle and the burden now shifts to Allen to establish the existence of an applicable defense.

■ Allen asserts that she is an innocent owner of the defendant vehicle and had no knowledge that it was used to facilitate the illegal sale of a controlled substance. The Supreme Court has consistently declared that the innocence of the owner of property subject to forfeiture is not a defense to forfeiture. *See United States v. One 1977 Buick Riviera Automobile,* 560 F.2d 897, 900 (8th Cir.1977) and cases cited therein. In *Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974), however, the Court suggested in dicta two narrow factual situations where an owner's due process claim based upon innocence might prevail. The first is the situation where the owner's property had been taken from him without

privity or consent. *Id.* at 689, 94 S.Ct. at 2094. The second is the situation where the owner "was uninvolved in and unaware of the wrongful activity," and had also "done all that reasonably could be expected to prevent the proscribed use of [the vehicle]." *Id.; Douglas Jefferson Leader; 1984 Sierra Classic 4 × 4 Truck, supra,* slip op. at 3; *One 1977 Buick Riveria Automobile, supra,* at 900.

There is no dispute that Whitlock was either in privity with Allen or had her consent to use the vehicle, which, therefore, makes the first exception inapplicable. Whether the second exception announced in *Calero-Toledo* applies is not quite so clear.

The Government contends that Whitlock, not Allen, is the actual owner of the defendant vehicle, despite the fact that the vehicle is registered in Allen's name. The Court finds, however, that Allen is the legal and equitable owner of the vehicle despite Whitlock's extensive use of it. Allen paid for the vehicle, kept it at her home and exercised dominion over it to the exclusion of Whitlock on at least one occasion when Whitlock attempted to take the vehicle after he and Allen had argued.

After thoroughly reviewing the evidence, the Court believes that Allen was unaware of and uninvolved in Whitlock's illegal use of the defendant vehicle. The Government presented no evidence from which to infer that Allen knew of Whitlock's illegal activity. Allen did testify that she once saw Whitlock use cocaine. However, there was no evidence as to when or where Allen made this observation. More importantly, that evidence is not sufficient for the Court to find that Allen knew Whitlock was using the defendant vehicle to facilitate drug trafficking, especially in view of Allen's testimony that she was unaware of Whitlock's trafficking in controlled substances.

In order to perfect her defense to forfeiture, Allen must also demonstrate that she had done all that reasonably could be expected to prevent the proscribed use of the vehicle. In *Calero-Toledo,* the Court held that the claimant therein, an owner-lessor of a yacht, did not come within the newly recognized defense to forfeiture despite be-

ing unaware of and uninvolved in the illegal activity, and despite the fact that the owner had inserted a provision in the bare boat charter prohibiting the illegal use of the yacht. The Court stated that "no allegation has been made or proof offered that the company did all that it reasonably could to avoid having its property put to an unlawful use." 416 U.S. at 690. The Court found that the provision inserted in the yacht charter was insufficient.

In the present case, as in *Calero-Toledo,* there has been no allegation or proof that Allen had done all that reasonably could be expected to prevent the proscribed use of the defendant vehicle by Whitlock. *See also One Blue 1977 AMC Jeep CJ–5, supra,*

Accordingly, Allen has failed to establish a defense to forfeiture by a preponderance of the evidence, and the Government is entitled to forfeiture of the defendant vehicle.