William Paul ALEXANDER, Appellant,

v.

ENNIA INSURANCE CO. (U.K.), LTD., and Bryanston Insurance Company, Ltd., Respondents.

No. 55927.

Missouri Court of Appeals, Eastern District, Division One.

June 6, 1989.

The Stolar Partnership, H. Kent Munson, St. Louis, for appellant.

Doreen G. Powell, St. Louis, for respondents.

CRIST, Judge.

Plaintiff, William Paul Alexander (lessor) appeals the summary judgment in favor of defendants, Ennia and Bryanston Insurance Companies (insurers) and against lessor on Count I of his petition. We reverse and remand with directions.

Lessor was the owner of a 1982 tow truck. On December 8, 1984, lessor entered into a lease with defendants, Richard, Thomas and Thomas C. Henry (lessees) to lease the truck with an option to buy the same. Under the terms of the lease, lessees agreed to bear all risk of loss or damage to the tow truck. Lessees agreed to insure the equipment against all risk of loss and damage and appointed lessor as lessees' "attorney-in-fact to make claims for, receive payment of, and execute and endorse all documents, checks, or drafts for, loss or damage under any said insurance policies."

On December 11, 1984, lessees procured insurance on the tow truck covering, among other things, the risk of loss by theft. Lessees are the named assureds on this policy. Lessor is not mentioned in the policy.

On January 27, 1985, the tow truck was stolen. Lessees made a claim of loss to the insurers, but their claim was denied on the basis that lessees had no insurable interest in the property.

Lessor filed suit naming the insurers and lessees as defendants. In Count I of his petition, lessor claimed he was appointed in

the lease as lessees' attorney-in-fact to make claim for, receive payment of, and take all necessary steps with respect to any loss or damage under the insurance; the loss occurred; insurers failed and refused to pay pursuant to their obligations under the policies; and lessor was damaged in the amount of $35,000. Count II charged the lessees failed to procure insurance on the truck's radio equipment pursuant to the lease and further alleged that if lessees failed to procure valid insurance on the tow truck lessees were liable in the amount of $35,000 for violation of the lease agreement. Counts III, IV and V are not pertinent to this appeal.

The following stipulations were made by insurers and lessor:

1. That if the court rules in favor of [lessor] & against [insurers], damages will be for the amount of the insurance policy, $33,000.00

2. That if the court rules in favor of [insurers] & against [lessor], then the court will also enter judgment in favor of [lessor] in his claim against [lessees] jointly and severally, for the amount of the insurance policy, $33,000.00

3. [T]hat the type of policy here in question can be determined from the four corners of the policy

4. [Lessor] stipulates that his claim herein against [insurers] is as attorney-in-fact for and assignee of [lessees] under the lease between [lessor] and [lessees].

The trial court granted summary judgment in favor of insurers and against lessor on Count I of the petition. Summary judgment was granted in favor of lessor on Count II of the petition and against lessees jointly and severally in the amount of $33,000. Lessees do not appeal the judgment against them on Count II.

Lessor appeals the summary judgment order on Count I asserting lessees had an insurable interest in the vehicle in question and he, as attorney-in-fact and assignee of lessees, had standing to sue for the insurance proceeds.

Insurers rely upon *Faygal v. Shelter Ins. Co.*, 689 S.W.2d 724 (Mo.App.1985) for the proposition that lessees had no right to recover as owners under the policy because they failed to comply with the requirements of § 301.210, RSMo 1986. *See also Puritan Ins. Co. v. Yarber*, 723 S.W.2d 98 (Mo.App.1987). *Faygal* involved the purchaser of an automobile who failed to comply with the requirements of § 301.210. *Faygal*, 689 S.W.2d at 726. Section 301.-210 controls the sale of motor vehicles and its requirements "are an attempt to prevent fraud and deceit in the sale of cars and to hamper traffic in stolen vehicles." *Id.* [1]. The analysis in *Faygal* cannot be applied equally in the present case because this case does not involve an attempted sale in violation of § 301.210. There is no dispute that lessees were leasing the vehicle, not buying it. Therefore, the question is whether the Henrys, as lessees, had an insurable interest in the vehicle which was covered by the insurance policy.

In *Puritan Ins. Co. v. Yarber*, this court recognized that a lessee has property rights which may be insured; however, recovery was denied because the policy was an owner's policy. *Puritan Ins. Co. v. Yarber*, 723 S.W.2d at 100–101. In this case, both parties stipulated the type of the policy could be determined from the four corners of the policy itself. An examination of the policy discloses no evidence that it was an owner's policy. Lessees are referred to as the assured therein. No reference is made to the lessees as owners or to the policy as an owner's policy. In his answers to lessor's interrogatories, a representative of the insurance companies explained that the companies did not have a different policy for leased vehicles. He explained that had the companies been aware lessees were leasing the tow truck an additional endorsement would have been added to the policy naming lessor and stating "Loss, if any, shall be adjusted with the Insured and shall be payable to the Insured and _____ as their interests may appear." No additional premium would have been charged on the physical damage policy. Unlike the policy in *Yarber*, we do not find this policy to be an owner's policy, precluding recovery by the lessees. In any event,

we are not persuaded the kind of policy would have made any difference in this case.

Finding that lessees had an insurable interest in the property in question, we must next determine what that interest was. An examination of the lease discloses lessees assumed the entire risk of loss of the tow truck, and as evidenced by the court's summary judgment order, were liable for $33,000 in the event the insurance coverage was invalid. *See M.F.A. Mut. Ins. Co. v. Gulf Ins. Co.*, 445 S.W.2d 829, 833[2] (Mo.1969) (where contractor bore risk of loss, there was insurable interest in contractor). Considering their responsibilities under the lease, lessees were entitled to procure insurance coverage for the full value of the tow truck and would be entitled to the insurance proceeds in the total amount of $33,000. *See Virginia Heart Institute v. Northwest PA Bank*, 448 F.Supp. 215, 219 (W.D.Pa.1978) (lessee not entitled to full value of property unless it agreed with lessor to bear the entire risk of loss).

Finally, we address movant's contention that he has standing to bring this action as the attorney-in-fact and assignee of lessees. The law requires that a cause of action be brought by the real party in interest. § 507.010, RSMo 1986.

Lessor claims he is authorized by the lease to sue for the insurance proceeds from the loss of the leased vehicle. In the lease, lessees agreed to insure the vehicle and appointed lessor as their "attorney-in-fact to make claims for, receive payment of, and execute and endorse all documents, checks, or drafts for, loss or damage under any said insurance policies." The proceeds of the insurance were to be applied toward replacement of the equipment or payment of lessees' obligations thereon, at the option of lessor.

It has been held that an attorney-in-fact empowered to do anything with regard to settlement of a loss cannot sue on an insurance policy in his own name because he is not the real party in interest. *Great American Ins. Co. v. Keswater*, 131 Okl. 196, 268 P. 258, 260[2] (1928); Couch on Insurance 2d § 74:432. However, lessor,

as an assignee of lessees, would possess whatever rights to the proceeds lessees had, and, as such, could bring suit as the real party in interest. *Sander v. Mid–Continent Ins. Co.*, 514 S.W.2d 634, 636[1] (Mo.App.1974).

There is little question the language in the lease was sufficient to constitute an assignment. *See PPG Industries, Inc. v. Hartford Fire Ins. Co.*, 384 F.Supp. 91, 95 (S.D.N.Y.1974), *aff'd*, 531 F.2d 58 (2d Cir. 1976); *see also Zidell v. John Hancock Mut. Life. Ins. Co.*, 539 S.W.2d 162, 164[2] (Tex.Civ.App.1976). To decide otherwise would frustrate the purpose for which the insurance was intended, to protect lessor's rights in the property and to insure against lessees' liability under the lease. Moreover, all of the involved parties were before the court and lessees did not question lessor's assertion that an assignment occurred.

For all of the abovementioned reasons, we find lessor, as the assignee of lessees, was entitled to the insurance proceeds and, accordingly, we reverse and remand with directions to the trial court to enter an order of summary judgment in favor of lessor on Count I of his petition.

CRANDALL, P.J., and REINHARD, J., concur.