STATE of Missouri, Respondent,

and

W.F. Jones and Joyce Jones,
Intervenors–Appellants,

v.

1973 FLEETWOOD MOBILE
HOME, Defendant.

No. WD 43294.

Missouri Court of Appeals,
Western District.

Feb. 5, 1991.

Charles W. Franklin, Columbia, for respondent and intervenors-appellants.

Diane Garber, Fulton, for plaintiff-respondent.

Before SHANGLER, P.J., and
FENNER and KENNEDY, JJ.

PER CURIAM:

Plaintiff–Intervenors W.F. and Joyce Jones, husband and wife, appeal from an action in forfeiture under the Criminal Activity Forfeiture Act, §§ 513.600–513.645 RSMo.[1] The court ordered a 1973 Fleetwood Mobile Home, V.I.N. L–035–323–S2071, forfeited to Callaway County in that it was used in criminal activity, in connection with Joyce Jones' son, Jerry Dean Wiser. In Callaway County Case No. CR688–1039F, Wiser pleaded guilty to possession of cocaine, and the cocaine in question was seized from the trailer on November 4, 1988. The Joneses' appeal from the forfeiture order, claiming that the state failed to prove that Wiser was the owner of the mobile home, and that in fact the Joneses were the owners of the trailer and their interest was not subject to forfeiture as innocent parties within the definition of § 513.615.

In May 1988, Jerry Dean Wiser was arrested in Columbia, Missouri, for possession of a controlled substance. While he was out on bail, the owner of the trailer court where he had been living (and where he had been arrested for cocaine possession) asked him to move out. His mother and step-father arranged to buy the trailer and move it to Fulton.

They received a handwritten, notarized "Bill of Sale" from a Eugena Burdich, which stated as follows:

---

1. All section references are to the Revised Statutes of Missouri 1986, unless otherwise indicated.

To Whom It May Concern.

"Bill of Sale"

I, *Eugena Burdich* am selling my [interests] on:

1973 Fleetwood Mobile Home

S.N.# L–035–323–S2071

(Home Now Located In Vandiver Park Village # 269)

to: Joyce M. & William F. Jones

Rt. # 4 Box 136

Fulton, Mo. 65251 (Ph.# 642–3369)

Dated: <u>6-17-88</u>  Signed: <u>[/s/]</u>

The Joneses did not receive any certificate of title to the mobile home at the time of the sale. Mrs. Jones testified that they had difficulty getting the title because Ms. Burdich was a resident of Florida. There was no evidence presented that Ms. Burdich had a valid Florida title at the time that the "Bill of Sale" was executed.

Sometime toward the end of June 1988, the mobile home was moved to the Little Dixie Trailer Court in Callaway County, near Fulton. During that fall, a sting had been arranged, and a police informant used marked money to purchase cocaine from Wiser at the trailer. On November 4, 1988, a search warrant was issued and several officers went to the mobile home and arrested Wiser and others, and found a half ounce of cocaine and the marked money. The trailer was seized at that time, and forfeiture proceedings were instituted on November 10, 1988.

At the time of the seizure, the Joneses had not obtained an assigned title from Ms. Burdich. In fact, Mrs. Jones testified that they did not receive the title until nearly a year later. An application for Missouri title was placed in evidence by the Joneses and received without objection. The application, which is purportedly signed by W.F. Jones, states that the purchase date was August 28, 1989. Further, the application and the title both list the Vehicle Identification Number as "S2071."

The state produced evidence that it sought to forfeit a 1973 Fleetwood Mobile Home, V.I.N. L035323S2071, seized in Callaway County on November 4, 1988. Testimony also showed that an informant had been sent into the trailer, and had purchased cocaine there, and that cocaine had been found in the trailer at the time that it was seized. The state presented evidence that at all relevant times, Wiser had exclusive control of the trailer.

Further, the state called a Custodian of Records from the Missouri Motor Vehicle Bureau, Department of Revenue, who stated that there was no Missouri title for a 1973 Fleetwood Mobile Home, V.I.N. L035323S2071. She also testified that she was unable to find record of the title which the Joneses placed in evidence because it only showed the last five characters of the V.I.N., and Missouri titles by the entire serial number.

The trial court found that:

—the Joneses were not the registered owner of the trailer;

—the trailer was used for the possession and sale of a controlled substance;

—that the Joneses should have been aware of the trailer's use, since Wiser was arrested in Boone County for a drug-related offense; and

—that Wiser is Joyce Jones' son and that defendant in his testimony referred to the trailer as "my trailer."

The court ordered the trailer forfeited to Callaway County.

The judgment is affirmed.

Appellants claim that the trial court erred in forfeiting the mobile home because the state failed to prove that Jerry Dean Wiser was the owner of the mobile home, and appellants owned the mobile home and were innocent parties, as defined in § 513.615.

The Criminal Activity Forfeiture Act was enacted in 1986 to establish civil forfeiture, had by civil procedure, for all property of every kind used or intended for use in the course of, derived from, or realized through criminal activity. § 513.607.1. Under § 513.607.5(2), the burden is on the state to prove all allegations contained in the petition. Subsection (1) of that statute requires that if the petition is filed before seizure, it must state:

(a) what property is sought to be forfeited,

(b) that the property is within the jurisdiction of the court,

(c) the grounds for forfeiture, and

(d) the names of all persons known to have or claim an interest in the property.

The grounds for forfeiture, as set out in § 513.607.1 are that the property was used or intended for use in the course of criminal activity, or was derived from or realized through criminal activity. "Criminal activity" is defined in § 513.605 as commission, attempted commission, conspiracy to commit, or the solicitation, coercion or intimidation of another person to commit any crime which is chargeable under a myriad of Missouri laws.[2]

There is no doubt that the state adequately proved what property was sought to be forfeited, and that the property was seized in Callaway County. The grounds for forfeiture appear to be that the property was used in the course of criminal activity, in that Wiser used the trailer as a drug house. The issue becomes, what exactly is the state required to prove in connection with the fourth element—the names of all persons known to have or claim an interest in the property.

Section 513.615 states that the interest of an innocent party shall not be subject to forfeiture; any such innocent party shall have a right or claim to forfeited property superior to any right or claim the state or county has in the same property. The section defines an "innocent party" as one who did not have *actual knowledge* that the property was used or intended for use in the course of criminal activity. The innocent party must intervene in the proceeding prior to the final disposition, except with respect to any property for which the state maintains records, if the records indicate the existence of a lien or of ownership by someone other than the criminal defen-

dant. In the case of property with a certificate of title, a named lienholder or owner is a necessary party having no obligation to intervene, but the court shall determine the validity of the lien. Section 513.615. When § 513.615 and § 513.607 are read together, it appears that the state has the burden on searching its own records, and presenting the names of those with known interest to the court for adjudication. Because there is no indication in § 513.607 that the state is required to plead and prove the exact nature of interest of each party, it is natural that the adversarial process be put to the test, and the claimants must each establish their own claim.[3]

The state proved that there was no valid Missouri title at the time of the seizure, and that evidence was further supported by testimony from Mrs. Jones herself. Because the Joneses were not the type of party protected as a necessary party by § 513.615, the burden was on them to establish their interest in the mobile home. The "bill of sale" was insufficient to convey ownership to the Joneses, because Missouri law requires that the seller endorse the certificate and deliver it to the buyer at the time of the delivery to him of the trailer. Section 301.210.1. That section applies to all sales made in this state, irrespective of the origin of the seller's certificate of title. *Fawley v. Bailey,* 512 S.W.2d 477, 479 (Mo.App.1974). Absolute technical compliance with § 301.210 is required; the failure to strictly comply renders the sale void, and the purported buyer has no ownership, even where the buyer has acted in good faith. *Horton v. State Farm Fire & Casualty Co.,* 550 S.W.2d 806, 809 (Mo. App.1977). The delivery of the certificate, if it was in fact delayed over a year as the appellants' evidence suggests, was not reasonably contemporaneous with the delivery of the vehicle, and thus appellants did not have a ownership interest in the trailer at the time that it was seized. *See Case v.*

---

**2.** There are sixteen RSMo chapters listed, the only relevant one here being Chapter 195, relating to drug regulations.

**3.** *Compare United States v. One Brown 1978 Mercedes Benz,* 657 F.Supp. 316 (E.D.Mo.1987),

aff'd 837 F.2d 479 (8th Cir.1987). Under 21 U.S.C.A. § 881, "innocent ownership" is a defense, and the burden is on the claimant to prove her "innocent ownership" by a preponderance of the evidence.

*Universal Underwriters Ins. Co.*, 534 S.W.2d 635, 639 (Mo.App.1976).

The appellants' claim was based on ownership of the trailer. Because the appellants did not have any ownership interest as recognized in Missouri, it is unnecessary to decide whether they were "innocent parties" as defined in § 513.615. As to the appellants, there was no error in ordering the trailer forfeited.

Affirmed.