STATE of Missouri, Plaintiff–Appellant,

v.

Russell L. BEAIRD, Defendant,

One 1987 Dodge Dakota Pickup Truck

and

Winford Beaird, Intervenor–Respondent.

No. 20246.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 16, 1996.

Thomas E. Mountjoy, Prosecuting Attorney, Ronald G. Cleek, Assistant Prosecuting Attorney, Greene County, Springfield, for plaintiff-appellant.

No respondent's brief filed for respondent.

SHRUM, Chief Judge.

The State of Missouri appeals from a judgment that denied its petition for forfeiture of a 1987 Dodge Dakota pickup truck. The State brought this civil suit under Missouri's Criminal Activity Forfeiture Act (CAFA). §§ 513.600–645.[1] The petition alleged that Russell L. Beaird (Defendant) "was the possessor and owner" of the motor vehicle and named Winford Beaird, Russell's father (Claimant), as a person "known to have or claim an interest in said property."

Claimant filed a motion to intervene pursuant to § 513.615 in which he alleged that he was an "innocent party" and requested an order returning the property to him. By its judgment, the trial court found "that the vehicle described in the Petition is not subject to forfeiture and is owned by [Claimant]" and ordered it returned to Claimant. It is from that judgment that State appeals.

We affirm.

### STANDARD OF REVIEW

The standard of review in this case is that of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Thus, we will sustain the judgment of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, un-

---

1. All statutory references are to RSMo 1994 unless otherwise stated.

less it erroneously declares the law, or unless it erroneously applies the law." *Id.* at 32. *See also State v. Residence Located at 5708 Paseo,* 896 S.W.2d 532, 537 (Mo.App.1995). "In civil matters such as [CAFA] forfeitures, the appellate court views the evidence in the light most favorable to the judgment, providing all reasonable inferences to the prevailing party." *Residence Located at 5708 Paseo,* 896 S.W.2d at 534.

## FACTS

Law enforcement officers seized a 1987 Dodge Dakota pickup truck in Greene County, Missouri, after their investigation revealed that Defendant had used the vehicle to engage in second degree robbery. Specifically, they determined that Defendant and a friend "drove around in the truck" looking "for [older] women to steal a purse from" and on two occasions they used the truck as their transportation to locate their victims, steal their purses, and then flee.

After the truck was seized, the Greene County Prosecuting Attorney filed a statutory civil action for the forfeiture of the truck, as allowed by CAFA. The petition alleged that Defendant was the "possessor and owner of the property sought to be forfeited" and that, when seized, the truck was being used by Defendant to engage "in the perpetration of criminal activity, to wit: second degree robbery."

At trial, Claimant did not dispute Defendant's alleged use of the truck for criminal activity. However, Claimant denied that Defendant owned the truck, and instead, produced a certificate of title showing that he (Claimant) was the record owner. Furthermore, Claimant adduced substantial evidence that the truck was not purchased with proceeds traceable to criminal activity and that he was without prior actual knowledge that Defendant was using the property for criminal activity. Facts developed at the hearing on the petition for forfeiture follow, viewed in the light most favorable to the judgment.

Defendant used the truck extensively, e.g., to go to school and work, but he did not have exclusive possession as Claimant and his wife occasionally drove the truck. As Claimant explained: "[Defendant] didn't go to school all the time and he didn't work all the time, and I used the truck to haul material for my business.... [I used the truck] three times, four times a week." Although Defendant was paying Claimant $60 per week on the truck, that "was not enough to pay for the truck." On this issue Claimant testified:

> "[T]he money that Russ was paying me was not enough to pay for the truck. The boy couldn't afford the truck. By the time he paid the insurance [, $866 every six months,] and—on what he was making, he couldn't afford the truck. He couldn't afford to make the insurance and the payments, either one, if he was buying it."

Continuing, Claimant testified that he had bought the truck new, he had never sold it to his son or anyone else, the title was in his name, the insurance was in his name, and he paid for repairs and upkeep on the truck. Claimant denied any knowledge that Defendant had either used the truck for criminal activity or used proceeds from that criminal activity to pay for it. Moreover, Claimant testified that Defendant's payments on the truck were made weekly, always immediately after cashing his paycheck.

Regarding the source of the $60 weekly payments, the investigating officer, Ron Hardt, testified that Defendant never indicated that he had used proceeds from his criminal activity to make payments to Claimant for the truck. Furthermore, Officer Hardt testified that to his knowledge, Claimant was not aware that Defendant was using the pickup in the course of criminal activity.

By a docket entry on May 17, 1995, the trial court ruled that the "vehicle described in the petition is not subject to forfeiture and is owned by [Claimant]. The vehicle is ordered returned to [Claimant]." It is from that judgment which State appeals.

## DISCUSSION AND DECISION

■ Forfeitures are not favored in the law " 'and should be enforced only when within both the letter and spirit of the law.' " *State v. Eberenz,* 805 S.W.2d 359, 360 (Mo.App. 1991) (quoting *State ex rel. Reid v. Kemp,* 574 S.W.2d 695, 697[1] (Mo.App.1978)). *Accord State v. Hampton,* 817 S.W.2d 470,

472[1] (Mo.App.1991). This rule holds true even in the face of the growing popularity of forfeiture statutes as an aid to inhibiting further violations of the underlying penal statutes. *Hampton,* 817 S.W.2d at 472[1]; *Reorganized School Dist. No. 7 v. Douthit,* 799 S.W.2d 591, 594 (Mo. banc 1990).

In Missouri, "[t]he interest of an innocent party in the property shall not be subject to forfeiture" in a CAFA proceeding. § 513.615. The term *"innocent party"* means "one who did not have actual knowledge that the property was used ... in the course of, derived from or realized through a criminal activity." *Id.*

Section 301.210 controls the sale of motor vehicles once an initial title has been issued and it is a police regulation of the highest order. *Faygal v. Shelter Insurance Co.,* 689 S.W.2d 724, 726 (Mo.App.1985). "[A]bsolute technical compliance with § 301.210 is required; without it a purported sale is fraudulent and void and the purported buyer acquires no ownership interest in the vehicle." *Bradley v. K & E Investments, Inc.,* 847 S.W.2d 915, 919 (Mo.App.1993).

■ With the foregoing in mind, we turn to State's points relied on. Point II maintains that the trial court erred in finding that the truck was not owned by Defendant because he "was and is in possession and control of the vehicle not only at the time of the crime, but at almost all times before and after the crime." As authority for its position, State cites two federal cases in which a claimant's innocent owner defense was rejected because the criminal wrongdoers were found to be "actual owners" of motor vehicles by virtue of their possession and control of the vehicles, *United States v. One 1981 Datsun 280ZX,* 563 F.Supp. 470 (E.D.Pa.1983), and *United States v. One 1976 Lincoln Continental Mark IV,* 584 F.2d 266 (8th Cir. 1978). We reject the notion that those cases are controlling.

First, they are distinguishable on the obvious ground that they construe federal forfeiture law, specifically the Comprehensive Drug Abuse Prevention and Control Act of 1970. *See* 21 U.S.C. § 801–904. Under federal law, the claimant must prove not only that they were uninvolved in and unaware of the criminal activity, but also that *they have done all that could reasonably be expected to prevent the proscribed use of the property. See One 1976 Lincoln Continental Mark IV* at 268 (emphasis ours). The latter requirement is not part of Missouri's CAFA.

■ Secondly, Missouri's forfeiture law does not recognize the "actual owner" exception to the rights of the innocent party, as do these two federal cases. To the contrary, Missouri's CAFA, and § 513.615 in particular, specifically protects parties whose ownership of property is evidenced by certificates of title by designating them as "necessary parties." § 513.615; *State v. 1973 Fleetwood Mobile Home,* 802 S.W.2d 582, 584 (Mo.App. 1991). We presume that "necessary party" designation for certificate of title owners stems from the legislature's recognition that ownership of a motor vehicle does not pass without adherence to the statutory provisions regarding assignments of certificates of ownership, specifically 301.210. *See Herbert v. Harl,* 757 S.W.2d 585, 587[5] (Mo. banc 1988).

Third, the cases cited by State are factually distinguishable. In *One 1981 Datsun 280ZX,* the claimant neither had possession nor exercised any control over the vehicle. *Id.* at 474–75. The claimant's son, the possessor, selected and negotiated for the vehicle and contributed most of the purchase price. *Id.* at 471. The claimant never drove the vehicle, while the possessor drove it often. *Id.* at 475. In *One 1976 Lincoln Continental Mark IV,* the claimant's "paramour" was in possession and control of the vehicle "at almost all times." *Id.* at 267. He picked out the car, paid the down payment "and probably more," engraved his name on the dash, and drove it most of the time. *Id.* Moreover, the "actual owner" exception to the innocent owner exception was so much dicta in *One 1976 Lincoln Continental Mark IV.* It was unnecessary for the court to invoke the exception, since the claimant did not establish the defense. *Id.* at 268. Conversely, in the instant case, Claimant purchased the truck, a factor which the *One 1981 Datsun 280ZX* court found "most telling," and drove it several times a week.

These two basic facts distinguish the instant case from the two cases cited by State.

 Missouri courts have consistently held that by reason of § 301.210, even if accompanied by full payment or physical delivery of possession, the attempted sale of a motor vehicle is fraudulent and void, passing neither legal nor equitable title, unless as a reasonably contemporaneous part of the transaction, the previously issued certificate of ownership with a properly completed assignment by the seller is delivered to the buyer. *Faygal*, 689 S.W.2d at 726. Even in CAFA cases, "[a]bsolute technical compliance with § 301.210 is [always] required." *See Fleetwood Mobile Home*, 802 S.W.2d at 584.

■ Here, by virtue of the fact that Claimant had title to the truck, ownership never passed from him to Defendant regardless of what payments, if any, Defendant made towards the alleged sale of the truck. Claimant alone had the only ownership interest in the truck; Defendant had none, either legal or equitable. Thus, under § 513.615, Claimant's interest was not subject to forfeiture provided that he could show that he was an "innocent party."

■ Claimant affirmatively testified and was not contradicted by other testimony that he had no actual knowledge that the truck was used in the course of, derived from, or realized through a criminal activity. We find that substantial evidence supported the judgment of the trial court, it was not against the weight of the evidence, and the trial court neither erroneously declared or erroneously applied the law. Therefore, we reject State's second point.

In Point I, State charges the trial court with error for finding that the truck was not used or intended for use in the course of, derived from or realized through criminal activity. Although we question whether the trial court actually made such a ruling, we need not address the error charged by State since the interest of a claimant asserting innocent party status is only subject to forfeiture if they have actual knowledge of use for or derivation from criminal activity, not merely if such use or derivation occurs. In resolving Point II, we concluded that there was substantial evidence to support the trial court's implicit finding that Claimant was without the requisite knowledge to make his interest subject to forfeiture. We reject Point I.

We affirm the judgment of the trial court.

CROW and PARRISH, JJ., concur.