STATE of Missouri, ex rel. Robert G. WIL-KINS, Prosecuting Attorney of the County of Jefferson, State of Missouri, Respondent,

v.

Jeffrey DeCLUE, Appellant.

No. 74714.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 16, 1999.

David R. Crosby, Arnold, for appellant.

Robert G. Wilkins, Pros. Atty., Troy A. Cardona, Asst. Pros. Atty., Hillsboro, for respondent.

Before JAMES R. DOWD, P.J., LAWRENCE G. CRAHAN, J., and RICHARD B. TEITELMAN, J.

## ORDER

PER CURIAM.

Jeffrey DeClue (Appellant) appeals from the circuit court's judgment for forfeiture of $1922 of his money under the Criminal Activities Forfeiture Act (CAFA) pursuant to Section 513.607 RSMo 1994 and the Narcotic Drug Act pursuant to Section 195.140.2(2) RSMo 1994. The money was found in Appellant's billfold when he was booked at the Jefferson County Jail, after having been arrested on a drug related felony charge to which he eventually pled guilty. The State's CAFA petition was submitted to the court by the parties under a written stipulation of facts. In rendering its judgment the court also took judicial notice, *sua sponte*, of its file in the underlying criminal case.

On appeal, Appellant argues that the trial court's judgment was in error because (1) there was no evidence in the record to support the trial court's finding that the money and controlled substance were ever "in close proximity," so as to support the presumption of forfeitability under Section 195.140.2(2) RSMo, and (2) absent the presumption of forfeitability, there was no evidence in the record to support that anything more than $200 of the money was derived from, used or intended to be used in the underlying criminal activity.

The standard of review in a CAFA case is that of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We thus will sustain the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or misapplies the law. *State v. Beaird*, 914 S.W.2d 374, 375–76 (Mo. App. S.D.1996). We cannot say the record here contained no evidence to support the trial court's judgment because, although the stipulated facts are not supportive, the court also took judicial notice of its file in the underlying criminal case, and Appellant has failed to include any portion of that file in the record on appeal. It is Appellant's duty to file a record on appeal that contains all the evidence necessary for determination of the questions presented for appellate review. *Delf v. Cartwright*, 651 S.W.2d 622, 624 (Mo. App. E.D.1983). Omissions in the record on appeal will be taken as unfavorable to an appellant and favorable to the judgment of the trial court. *Id.* No error of law appears. Further discussion would have no precedential value. The judgment is affirmed pursuant to Rule 84.16(b).