**STUYVESANT INSURANCE GROUP, INC., Plaintiff-Appellant,**

v.

**Don M. ANDERSON, Defendant-Respondent.**

No. 9799.

Missouri Court of Appeals, Springfield District.

Jan. 28, 1977.

Motion for Rehearing or Transfer Denied Feb. 18, 1977.

Application to Transfer Denied April 11, 1977.

Charles M. Wesley, Waynesville, for plaintiff-appellant.

Wm. C. Morgan, Arthur B. Cohn, Waynesville, for defendant-respondent.

Before STONE, P. J., and HOGAN and TITUS, JJ.

HOGAN, Judge.

Plaintiff Stuyvesant Insurance Group attempted to sell a previously registered house trailer to defendant Don M. Anderson. Payment was made conditional upon plaintiff's tendering a "clear title" to the

trailer. Because no certificate of title was seasonably presented, defendant repudiated the sale. Plaintiff thereupon brought this action in three counts. Count I, though it is described as an action on a "countermanded check", was submitted as an action for the purchase price of the trailer. Defendant filed a counterclaim directed to this count. The jury to which the claim and counterclaim were submitted found for the defendant upon the claim and for the plaintiff on the counterclaim. Counts II and III were dismissed by the trial court. Plaintiff now appeals.

▪ The plaintiff has briefed and argued seven points of trial error in this court. The trial errors are immaterial if plaintiff failed to make a submissible case. *Hoock v. S.S. Kresge Co.*, 230 S.W.2d 758, 761 (Mo. banc 1950); *Osborn v. McBride*, 400 S.W.2d 185, 188 (Mo.1966); *Wilkerson v. State Farm Mutual Automobile Ins. Co.*, 510 S.W.2d 50, 52 (Mo.App.1974).

Plaintiff insured a house trailer described as a 1970 Century Mobile Home. At sometime before December 17, 1970, the trailer was repossessed by the owner's mortgagee and stored on a lot near Waynesville. On December 17, 1970, the trailer was stolen. It was later found "alongside the highway", abandoned and damaged. Plaintiff was presented with a claim for the damage to the trailer. The claim was assigned to an adjuster in Waynesville with instructions to adjust the claim with the mortgagee and dispose of the salvage. Defendant bid on the salvage and his bid was accepted. On May 14, 1971, defendant issued his check in the amount of his bid, made payable to plaintiff. On the same day defendant's adjuster delivered the damaged trailer to the defendant. Plaintiff admittedly had no title on May 14, 1971, and admittedly tendered no properly assigned certificate of title until October 2, 1972, perhaps later. Both the original and repossession titles were issued by the Missouri Department of Revenue.

Section 301.210 (4), RSMo 1969, V.A.M.S., provides:

"It shall be unlawful for any person to buy or sell in this state any motor vehicle *or trailer* registered under the laws of this state, unless at the time of the delivery thereof, there shall pass between the parties such certificate of ownership with an assignment thereof, as herein provided, and the sale of any motor vehicle *or trailer* registered under the laws of this state, without the assignment of such certificate of ownership, shall be fraudulent and void." (emphasis ours)

▪ The facts of this case bring the transaction squarely within the interdiction of the statute. We need not, and do not consider the necessity of registering and licensing house trailers as new vehicles. The fact in this case is that the trailer had been registered and licensed by the original owner, and consequently the attempted sale was void and unenforceable. *Greer v. Zurich Insurance Co.*, 441 S.W.2d 15, 25–26 (Mo.1969); *Bank of Jasper v. Langford*, 459 S.W.2d 97, 100 (Mo.App.1970); *McIntosh v. White*, 447 S.W.2d 75, 80 (Mo.App.1969). Therefore, plaintiff made no submissible case on Count I of its petition, and this is true whether Count I is regarded as an action for the purchase price or an action upon the check. *McIntosh v. White*, supra, 447 S.W.2d at 80.

In Count II plaintiff sought to set aside a judgment of the Magistrate Court of Pulaski County ordering the trailer sold on special execution and further ordering the Sheriff of Pulaski County to transfer title to the trailer to the highest bidder. The substance of this count is that defendant obtained a so-called "sheriff's title" in fraud of plaintiff's rights. In Count III, plaintiff sought to replevy the trailer. Counts II and III were dismissed by the trial court.

Count II set forth several grounds for vacating or setting aside the judgment of the Magistrate Court of Pulaski County, but the gist of plaintiff's complaint was that it was not notified of defendant's intention to seek the judgment and obtain a so-called "sheriff's title". Plaintiff alleged that such failure constituted a fraud be-

cause defendant had already agreed to buy the trailer from the plaintiff.

■ Again without going into detail, we are of the opinion that upon this particular record, plaintiff demonstrated no right or interest of any nature in the trailer, and therefore could not have been adversely affected by the judgment of the magistrate court. Certainly no rights accrued to plaintiff by virtue of its void and unenforceable contract with defendant. The record does indicate that plaintiff paid the mortgagee the sum of $5,400, and that it paid that amount because that sum was the "policy limit at that time". However, there is no showing that the certificate of title was ever assigned to the plaintiff itself, and while we feel reasonably sure the plaintiff may have acquired some rights under its insurance policy, the policy was *not*, for whatever reason, introduced in evidence. We conclude the trial court did not err in dismissing Count II.

■ As to Count III, a count in replevin, we might note the inconsistency of an action for the purchase price and an action in replevin, but a discussion of possible election of remedies is unnecessary. Conceding that plaintiff could have maintained replevin if it could show some special property or interest in the trailer which gave it the right to possession thereof, *Pearl v. Interstate Securities Co.*, 357 Mo. 160, 164, 206 S.W.2d 975, 978 (banc 1947), no such special interest was demonstrated here, and the trial court did not err in dismissing Count III.

We conclude that plaintiff made no submissible case upon any of the three counts of its petition; the trial errors complained of are therefore immaterial and the judgment is affirmed.

All concur.