**Stephen STREBLER,**
**Plaintiff-Appellant,**

v.

**HAMPTON METRO BANK,**
**Defendant-Respondent.**

No. 48499.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 31, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Feb. 13, 1985.

Application to Transfer Denied
April 2, 1985.

W.W. Sleater, Clayton, for plaintiff-appellant.

Jay A. Summerville, St. Louis, for defendant-respondent.

KAROHL, Judge.

Plaintiff appeals dismissal of four count petition for failure to state a cause of action. The original petition sought a mandatory injunction that defendant Bank deliver to plaintiff an automobile certificate of title. After the petition was filed defendant acquired a repossession title [§ 301.215, RSMo.1978] and sold the automobile. The amended petition adopted the original Count I and added: Count II to set aside the repossession title and sale and return the automobile to plaintiff and for damages; Count III, as an alternative to Counts I and II, for actual and punitive damages for wrongful repossession of the automobile; and, Count IV for conversion. The motion to dismiss based on § 301.-210(4), RSMo.1978, contended that plaintiff did not allege that he was the owner of the automobile and could not have been the owner or have a legally recognizable interest in the automobile because at the time of transfer he did not acquire the endorsed certificate of title.

The automobile in question is a 1977 Oldsmobile. Prior to this suit, the title owner was J–B Enterprises, Inc. [J–B] and defendant Bank was a lien holder on the title. On April 10, 1980 plaintiff traded his Toyota automobile in exchange for the Oldsmobile. On the same day J–B tendered a pay-off draft to defendant Bank to satisfy the balance due and obtain a lien release. The Bank marked the title "Paid and released." However, the pay-off draft failed to clear[1] so the title and draft were returned to defendant Bank. Plaintiff informed the bank he had the Oldsmobile and of his purchase agreement. While he was attempting to negotiate a direct pay-off with the bank the bank repossessed the car. On January 15, 1982 the Bank notified J–B that the new pay-off would be $743.44 plus $150.00 repossession charges for a total of $893.44. Plaintiff took that amount in cash to the bank but the bank refused to accept the payment claiming the

car was also security for another loan to J–B which had filed a petition in bankruptcy. The bank obtained a repossession title and sold the car. Plaintiff alleges that the repossession and resale were wrongful and fraudulent. Defendant alleges that the initial sale from J–B to plaintiff was void under § 301.210(4), RSMo.1978.

We review dismissal for failure to state a cause of action within the legal framework noted in *Gaines v. Monsanto Co.*, 655 S.W.2d 568, 570 (Mo.App.1983).

> In determining the sufficiency of a petition challenged by a motion to dismiss we give the petition its broadest intendment, treat all facts alleged as true, and construe the allegations favorably to plaintiffs to determine whether they invoke principles of substantive law. (citation omitted).

> The trial court's ruling on a motion to dismiss for failure to state a claim must be construed liberally and favorably to plaintiffs, giving them the benefit of all inferences fairly deducible from the facts stated therein. (citation omitted). The facts alleged in the petition should be assumed to be true. (citation omitted). The dismissal will be upheld only if plaintiff could not recover on any theory pleaded. (citation omitted).

The trial court dismissed without comment. We therefore look to the motion to dismiss and find that the sole ground on which defendant relied was that plaintiff's failure to comply with § 301.210(4), RSMo. 1978, by not getting a contemporaneous transfer of the certificate of title at the time of purchase denied plaintiff's standing to state a cause of action.

Our Supreme Court in *State v. Glenn*, 423 S.W.2d 770, 774 (Mo.1968) recognized § 301.210 to be

> a special statute, a police regulation 'of the highest type' with which 'absolute technical compliance' is required, the provisions of which are to be 'rigidly enforced' and as to which there are 'no

---

**1.** A garnishment on J–B's account caused the problem. A further complication created by J–B's bankruptcy was removed when the trustee in that bankruptcy disclaimed any interest in the Oldsmobile.

exceptions to conform to intentions.' (citation omitted). The statute is 'drastic, mandatory, and intended as a police regulation in the interest of the public welfare to prevent traffic in stolen vehicles.' 423 S.W.2d at 774. We observe at the outset that resolution of the present case which involves a dispute between the plaintiff who has agreed to purchase a motor vehicle and the lien holder will neither hinder or promote the purpose of the statute. J–B attempted to transfer the title to plaintiff but was unable to do so.

Defendant Bank maintains that the sale of the Oldsmobile by J–B without passing a certificate of title and assignment thereof was fraudulent and void. The trial court concluded that plaintiff's agreement to purchase the motor vehicle from J–B was not enforcible by injunction or at law because the statute deprives plaintiff of standing to seek such relief. We find that this conclusion is unwarranted and that the statute did not require the dismissal.

J–B as the certificate owner of the Oldsmobile had a legal right to transfer possession pending completion of the sale. *Allstate Insurance Company v. Hartford Accident & Indemnity Company*, 311 S.W.2d 41, 47 (Mo.App.1958). In *Allstate* the court described the transaction as an executory contract to be completed in the future. The court refused to presume that the parties intended to do an illegal and unlawful act. The court noted that although the seller did not have to deliver the automobile to the buyer until the sale had been consummated in fact and in law, it did so in the exercise of a right and power which it had the right to give or withhold. The optional delivery under the circumstances carried with it, at the instant of the delivery, the implied permission to use and operate the automobile. *Id.* at 47.

The enforcibility of a contact to sell an automobile in the future was recognized in *Smith v. G.F.C. Corp.*, 255 S.W.2d 69, 70 (Mo.App.1953) and in *Cantrell v. Shep-*

*pard*, 247 S.W.2d 872, 875 (Mo.App.1952). These cases hold that the failure to pass the certificate of title between the parties at the time of the agreement creates an executory contract which may be repudiated by the parties. However, that did not occur in the present case. Both J–B as seller and plaintiff as buyer tendered to defendant Bank the necessary pay-off of the balance due on the loan and both requested that defendant Bank produce the certificate of title. We need not decide whether or not the contract purchaser acquires a special property interest, *see Wilks v. Stone*, 339 S.W.2d 590, 594 (Mo. App.1960) or, as alleged in the petition, an equitable interest because plaintiff did acquire the right to compel the assignment of the certificate of title. *See Smith v. G.F.C. Corp., Cantrell v. Sheppard,* and *Matter of Schalk*, 592 F.2d 993, 996 (8th Cir.1979). We therefore conclude that plaintiff stated a cause of action for a mandatory injunction for the delivery of the certificate of title or in the alternative for damages. *See Hadley v. Smith*, 268 S.W.2d 444, 450 (Mo. App.1954). Plaintiff's cause of action did not depend upon present possession of title and standing arises from his contractual rights which were acknowledged by J–B.

■ Count IV of the petition, which sounds in conversion, states a cause of action since ownership or title is not required. The cause of action for conversion may be stated by one in lawful possession with or without ownership. *Brede Decorating, Inc. v. Jefferson Bank and Trust Company*, 345 S.W.2d 156, 164 (Mo.1961).

None of the authorities defendant Bank relies on [2] apply to the present facts where the cause of action depends upon the completion of the contract of sale at a future period nor do they hold that the wrongful withholding of the certificate of title to complete the transaction in accord with the statute should defeat a cause of action on the contract. Both J–B and the plaintiff were attempting to comply with the statute

**2.** *See Allstate Insurance Co. v. Northwestern National Insurance Co.,* 581 S.W.2d 596 (Mo.App. 1979); *Case v. Universal Underwriters Insurance*

*Co.,* 534 S.W.2d 635 (Mo.App.1976); *Robertson v. Central Manufacturers' Mutual Insurance Co.,* 239 Mo.App. 1169, 207 S.W.2d 59 (1947).

and the actions and conduct of defendant Bank, as alleged in the petition, were directed to preventing compliance. It is the rights under the contract which constitute the subject matter of the petition and not rights depending upon a completed lawful sale of a motor vehicle. Accordingly we reverse and remand.

PUDLOWSKI, P.J., and GAERTNER, J., concur.