CITIZENS ELECTRIC
CORPORATION, Appellant,

v.

The Honorable J. William CAMPBELL,
Commissioner, Administrative Hearing
Commission, and Paul S. McNeill, Jr.,
Director of Revenue, State of Missouri,
Respondents.

No. WD 36387.

Missouri Court of Appeals,
Western District.

July 16, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and
Denied Aug. 27, 1985.

John C. Hannegan, Tracy Mathis and Allen D. Kircher of Hannegan, Stokes, Moerschel & Weber, P.C., St. Charles, for appellant.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondents.

Before MANFORD, P.J., and PRITCHARD, and LOWENSTEIN, JJ.

MANFORD, Presiding Judge.

This appeal follows an order dismissing appellant's claimed refund for payment of franchise taxes. The appeal is dismissed.

Appellant filed documents, along with a letter requesting a hearing, before the Missouri Director of Revenue upon its application for the refund of franchise tax payments for the years 1977–1983. In addition to its application, the documents included copies of franchise tax payment protests. The Director received these documents on June 5, 1983. On June 25, 1984, the Director mailed five documents to appellant,

each of which were entitled, "Trial Decisions of the Director of Revenue" and each of which denied appellant's refund claim for each year from 1977–1983.

On July 16, 1984, appellant filed a "complaint" with the Missouri Administrative Hearing Commission seeking review of the Director's decision. On August 10, 1984, the Director filed a motion for judgment on the pleadings, asserting that appellant's claims were untimely filed and hence to be denied pursuant to § 136.035, RSMo 1978. After appellant had filed suggestions in opposition, respondent, J. William Campbell, Commissioner, entered an order dismissing appellant's complaint. This appeal followed.

While neither point raised by appellant is reached due to the particular disposition of this appeal, both are set forth in summary, as they illustrate the basis of the dismissal of this appeal. Appellant charged that the order of dismissal was in error because (1) appellant was denied a hearing pursuant to § 621.050, RSMo Supp.1984, and (2) by the order of dismissal, appellant was denied its right of due process to prove it is exempt from assessment of franchise taxes and that it paid such taxes involuntarily and under duress.

For purposes herein, what the above alleged errors reveal is that there remains issues yet unresolved. Thus, the judgment in the form of an order of dismissal is not final for purposes of appeal. An initial question must be answered because this appeal does not follow a judgment entered by a court, but rather, the judgment is in the form of an order or decision by the Missouri Administrative Hearing Commission. Thus, the question first to be answered is whether the finality of judgments required of court judgments also applies to order/decisions of the Commission. The requirements of finality of judgment are prescribed by § 512.020, RSMo 1978 and Rules 81.05 and 81.06. In addition, § 621.189, RSMo Supp.1984 provides that final decisions entered by the Administrative Hearing Commission which are entered pursuant to § 621.050, RSMo Supp.

1984 shall be reviewed by the Missouri Court of Appeals in the appellate district in which the Commission hearing was held. Sections 621.189 and 621.050 do not define or address the requisites as to what constitutes a *final* decision. This court is therefore required to answer the question precisely.

In answer to the question, this court is guided by a prior decision of this court in *Agin-Feeley Services, Inc. v. Industrial Commission*, 389 S.W.2d 416 (Mo.App. 1965). *Agin* is not exactly in the same procedural posture as the instant case, because in *Agin*, there was a petition for judicial review filed in the circuit court and the appeal to this court was from the judgment of the circuit court. Because of § 621.189, this court entertains the petition for review. Nonetheless, in *Agin*, this court determined that the order of the Industrial Commission was not final and hence was not appealable.

Since § 621.189 provides that our Courts of Appeals shall review *final decisions* of the Commission, there must be a decision as to whether the finality required of judgments from our courts is equally applicable to orders and decisions of the Commission.

██ Finality of judgments is a jurisdictional prerequisite and it is the duty of the courts sua sponte to determine their jurisdiction, and if a judgment is not final, the court must dismiss the appeal. *Citizens Insurance Company of New Jersey v. Kansas City, Etc.*, 543 S.W.2d 532, 534 (Mo.App.1976). In addition, for a decision to be reviewable in the courts of appeals, it must be final, § 512.020, and in order for a judgment to be final and appealable, it must dispose of all parties and all issues. *Todd v. St. Ann's School Music Service, Inc.*, 585 S.W.2d 522, 524 (Mo.App.1979). Finality for purposes of appeal must also dispose of all issues raised by the pleadings.

██ Returning to the above question, it is hereby determined by this court that

**846**

*final decisions* within the wording and meaning of § 621.189 must meet the same requirements as to finality as judgments and orders from our courts.

█ Within the foregoing determination, it must follow that the present appeal must be dismissed. Appellant's original complaint (filed July 6, 1984) contained eight counts by which it was alleged that appellant paid franchise taxes during the years 1977–1984. It was further alleged that such taxes should not have been paid because appellant is a not-for-profit rural electric cooperative and is thus exempt from the assessment and payment of franchise taxes. The action taken by both the Director and the Commission addressed only the denial of a refund for taxes paid during the years 1977–1981. There remains the determination of appellant's claimed refund for the years 1983 and 1984. In addition, there remains unresolved the more broad issue of whether appellant in fact is liable for payment of any franchise taxes because of its alleged not-for-profit status. This more broad issue relates to the years of 1977–1984. Thus, the order appealed from herein is not final for purposes of appeal because it fails to dispose of all issues between the parties. Since it is held herein that the requirements of finality as applied to judgments and orders of courts are equally applicable to decisions and orders of the Commission, it follows this appeal must be dismissed.

In review of this case, a further two-part question arises. This question is whether the statute of limitation set forth in § 136.-035, RSMo 1978 includes claims for a refund based upon alleged illegally assessed and collected taxes, and whether this court has jurisdiction over that question due to the exclusive jurisdiction of the Missouri Supreme Court regarding the construction of revenue statutes.

The appeal is dismissed.

*All concur.*