**Simon OKELLO, Respondent,**

**v.**

**Steven J. BEEBE, d/b/a Cars For Less, Defendant,**

**John Smith, Appellant.**

**No. WD 51353.**

Missouri Court of Appeals, Western District.

Aug. 6, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 1, 1996.

---

Charles A. Kellogg, Marcia J. Lamkin, Independence, for appellant.

Richard T. Brewster, Jr., Brewster & Brewster, Kansas City, for respondent.

Before EDWIN H. SMITH, P.J., and BRECKENRIDGE and ELLIS, JJ.

BRECKENRIDGE, Judge.

John Smith appeals from a judgment in a court-tried action for conversion and for assault and battery.[1] Mr. Smith contends that (1) the trial court erroneously applied the law pertaining to conversion and the transfer of title of a used motor vehicle; (2) the trial court lacked jurisdiction to hear the conversion claim because of the lack of standing of the plaintiff, Simon Okello; and (3) the trial court erred by entering an award of punitive damages.

The appeal is dismissed and the cause remanded.

The following statement of facts recites the evidence in a light most favorable to the judgment of the trial court. *Trenton Trust Co. v. Western Sur. Co.*, 599 S.W.2d 481, 483 (Mo.1980). On November 5, 1994, Simon Okello went to Cars 4 Less, a business owned by Mr. Smith, to purchase an automobile. There, he bought a 1988 Honda Accord for $3,660.00. Mr. Okello made a down payment of $1,000.00, and an additional $800.00 was credited toward the purchase price because Mr. Okello traded in a 1981 Dodge Omni. The transaction was accompanied by a bill of sale stating that the balance due of $1,895.00 was to be paid in weekly installments.

In the course of the sales transaction, Mr. Smith gave Mr. Okello an Application for Missouri Title and License, which listed Cars 4 Less as holding a lien on the automobile. A certificate of title was never delivered to Mr. Okello, however, and there is no evidence in the record that Mr. Smith ever assigned title to the vehicle to Mr. Okello.

Mr. Okello experienced mechanical problems with the vehicle the day after he drove it home. On the next business day, Mr. Okello complained to Mr. Smith, and Mr. Smith arranged for the automobile to be towed back to the Cars 4 Less lot. In a subsequent telephone conversation, Mr. Smith told Mr. Okello that the automobile needed repairs to replace a burned-out clutch and to fix a problem with overheating. Mr. Smith told Mr. Okello that Mr. Okello would have to pay for the repairs to the clutch, which would cost $600.00.

Mr. Okello then told Mr. Smith that he had a friend who could fix the clutch at a lower cost, but Mr. Smith refused to let Mr. Okello remove the automobile from the lot to have his friend make the repairs. On November

---

1. Steven Beebe was dismissed from the suit and Mr. Smith was the sole defendant at the time of trial.

42

8, 1994, Mr. Okello went to the Cars 4 Less lot in another attempt to persuade Mr. Smith to allow him to take the automobile to his friend for repairs. According to Mr. Okello, Mr. Smith took out a gun and pushed him off the premises.

Mr. Okello subsequently filed a two-count petition seeking damages from Mr. Smith. Count I of the petition was a claim for conversion, and Count II was a claim for assault and battery. Mr. Okello sought both actual and punitive damages in each count. Following a bench trial, the court announced: "I'm going to find the issues for the plaintiff for $3,600.00 actual damages and $10,000.00 punitive damages." The trial court also made a docket entry which stated: "Issues for [plaintiff] for $3600.00 and costs actual damages and $10,000.00 punitive damages." Mr. Smith now appeals from this decision.

■ As a prerequisite to considering the merits of Mr. Smith's appeal, this court must determine whether the underlying judgment is final, since absent a final judgment, this court has no appellate jurisdiction. *Four Seasons Lakesites v. Dungan*, 781 S.W.2d 269, 271 (Mo.App.1989). In order for a judgment to be final and appealable, it must dispose of all issues and all parties. *Citizens Elec. Corp. v. Campbell*, 696 S.W.2d 844, 845 (Mo.App.1985). Furthermore, it is the duty of the appellate court to determine, *sua sponte*, its own jurisdiction, and if a judgment is not final, the court must dismiss the appeal. *Id.*

Mr. Okello's petition sought damages in Count I for conversion, and in Count II for assault and battery, but the trial court's judgment awarding damages to Mr. Okello was not sufficiently specific to indicate its disposition of the two counts in Mr. Okello's petition. On its face, the judgment does not indicate whether the award is on the first count, the second count, or both counts, and the judgment does not indicate how the damages were allocated between the two counts.

■ A judgment which awards a single monetary amount on a two-count petition, without further explanation or detail, does not clearly dispose of all claims on its face

and is not final. *Harvey v. Village of Hillsdale*, 893 S.W.2d 395, 398 (Mo.App.1995). Therefore, the appeal is dismissed as premature, and the cause is remanded to the trial court for further proceedings consistent with this opinion, after which a complete and final judgment is to be entered. *Four Seasons Lakesites*, 781 S.W.2d at 271.

■ The trial court's failure to distinguish between the two counts in its judgment is particularly significant because it appears that Mr. Okello has failed to establish the necessary elements of a claim for conversion. Because Mr. Okello did not receive a certificate of title as part of the sales transaction, Mr. Okello did not acquire the right to ownership or possession necessary to maintain an action for conversion.

■ In order to recover for conversion, a plaintiff must establish that, at the time of the alleged conversion, the plaintiff was the owner of or had the right to possession of the property alleged to have been converted. *Centerre Bank Nat. v. Missouri Farmers Ass'n*, 716 S.W.2d 336, 341 (Mo.App.1986). The act of conversion can be shown by proof of (1) a tortious taking; (2) any use or appropriation to the use of the person in possession, indicating a claim of right in opposition to the rights of the plaintiff; or (3) a refusal to give up possession to the plaintiff on demand, even though the defendant's original possession of the property was proper. *Northland Ins. v. Chet's Tow Service*, 804 S.W.2d 54, 56 (Mo.App.1991).

The issue of when a buyer of a used car acquires ownership or a right to possession of the vehicle is governed by subsections 1 and 4 of § 301.210, RSMo 1994.[2] Section 301.210.1 provides that, in the sale of a used motor vehicle, the owner of the vehicle shall endorse an assignment on the certificate of title (referred to in the statute as a "certificate of ownership"), with a statement of all liens or encumbrances on the motor vehicle, and "deliver the same to the buyer at the time of the delivery to him of such motor vehicle." In addition, § 301.210.4 provides, in pertinent part, that it is unlawful for any

**2.** All statutory references are to the Revised Statutes of Missouri 1994.

person to buy or sell a used motor vehicle unless

at the time of the delivery thereof, there shall pass between the parties such certificates of ownership with an assignment thereof, as provided in this section, and the sale of any motor vehicle or trailer registered under the laws of this state, without the assignment of such certificate of ownership, shall be fraudulent and void.

■ The provisions requiring the seller of a used automobile to endorse the assignment of the vehicle on the certificate of title, and to deliver the certificate of title to the buyer at the time of the delivery of the motor vehicle, are mandatory, and absolute technical compliance with the statute is required. *Oliver v. Cameron Mut. Ins. Co.*, 866 S.W.2d 865, 868 (Mo.App.1993). A buyer of a used automobile who has not received a certificate of title acquires neither ownership nor the right to possession of the motor vehicle.[3] *Greer v. Zurich Insurance Company*, 441 S.W.2d 15, 26 (Mo.1969); *Riss & Co. v. Wallace*, 350 Mo. 1208, 171 S.W.2d 641, 643–44 (1943); *Shaffer v. Federated Mut. Ins. Co.*, 903 S.W.2d 600, 605 (Mo.App.1995).

■ The application for title which Mr. Okello received as part of the sales transaction is not the equivalent of a certificate of title for the purpose of conferring the rights of ownership and possession governed by subsections 1 and 4 of § 301.210. The procedure involving an application for title is discussed in § 301.620 and § 301.210.2, and it is clear from these statutory provisions that the application for title, in and of itself, is not sufficient to pass title, as the application must be accompanied by a certificate of title, assigned to the purchaser, when submitted to the Department of Revenue.

Because a used car buyer who has not been given a certificate of title has neither ownership nor possession rights to the vehicle, such a buyer lacks the rights to the property necessary to maintain an action for conversion. The buyer must seek another remedy if the seller retains the vehicle. These matters are noted here as this court's general remand to the trial court leaves all issues open to consideration, and the pleadings may be amended and new facts produced. *Pinkston v. Ellington*, 845 S.W.2d 627, 629 (Mo.App.1992).

The appeal is dismissed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

All concur.

**3.** The facts of this case distinguish it from a line of cases which hold that a purchaser of a motor vehicle may, under certain circumstances, enforce an agreement to purchase a motor vehicle against third parties even though there was not a contemporaneous transfer of the certificate of title, because such an agreement is an executory contract to be completed in the future unless repudiated by either the seller or purchaser. *See Bradley v. K & E Investments, Inc.*, 847 S.W.2d 915 (Mo.App.1993); *Strebler v. Hampton Metro Bank*, 686 S.W.2d 28 (Mo.App.1984). Under an executory contract, the certificate owner of the vehicle has a legal right to transfer possession of the vehicle to the purchaser pending completion of the sale. *Strebler*, 686 S.W.2d at 30. Since the purchaser's right of possession of the vehicle pending transfer of title is contingent upon the consent of the certificate owner, such cases do not aid Mr. Okello.