**Lori Ann STRAWHUN, Respondent,**

v.

**Jeffrey Harlan STRAWHUN, Appellant.**

No. 26266.

Missouri Court of Appeals,
Southern District,
Division Two.

June 10, 2005.

Robert D. McGee, Springfield, for appellant.

Lee E. Poppen, Lathrop & Gage, Springfield, MO, for respondent.

JOHN E. PARRISH, Presiding Judge.

Jeffrey Harlan Strawhun, appellant, seeks to appeal a judgment entered in an action for dissolution of marriage in which, as trial progressed, the parties announced they had reached an agreed disposition of all pending issues. The terms of the parties' agreement was read into the record. Each party testified that they agreed to the terms that were presented to the trial court. Additionally, appellant testified that he understood by entering into the agreement, he was waiving any right to future trials and his right to appeal. Thereafter, the trial court approved the settlement and entered a "Judgment and Decree of Dissolution of Marriage" and, subsequently, an "Amended Judgment and Decree of Dissolution of Marriage." As explained in *Marquez v. Marquez,* 136 S.W.3d 574 (Mo.App.2004), the appeal must be dismissed.

*Marquez* explains:

In Missouri, the right to appeal is statutory. *Segar v. Segar,* 50 S.W.3d 844, 846 (Mo.App.2001). For most civil actions, the right to appeal to [sic] is granted to "[a]ny party to a suit *aggrieved* by any judgment of any trial court ...." § 512.020 [RSMo 2000] (emphasis added). "A party is not aggrieved by a judgment entered pursuant to a voluntary settlement agreement." *Segar,* 50 S.W.3d at 847. " 'Parties are estopped or waive their right to appeal under section 512.020 when a judgment is entered at their request.' " *In re Marriage of Echessa,* 74 S.W.3d 802, 805 (Mo.App.2002) (quoting *In Interest of A.H.,* 963 S.W.2d 374, 377 (Mo.App. 1998)). " 'This follows because a judgment entered pursuant to an agreement of the parties is not a judicial determination of rights.' " *Id.* (quoting *A.H.,* 963 S.W.2d at 377). [Footnote omitted.]

*Id.* at 578. Rule 74.06, under circumstances stated in that rule, addresses the remedy for a party who believes a mistake was made in the entry of a judgment.

The appeal is dismissed.

SHRUM and BARNEY, JJ., concur.