**In re John Frank KELLY, a/k/a Pete Kelly d/b/a Pete Kelly Trucking Co., Debtor.**

**Bankruptcy No. 88–10098–BSS.**

United States Bankruptcy Court, E.D. Missouri, Southeastern Division.

May 18, 1988.

Jason L. Johnson, Cape Girardeau, Mo., for debtor.

William H. Frye, Cape Girardeau, Mo., trustee.

## MEMORANDUM OPINION AND ORDER

BARRY S. SCHERMER, Bankruptcy Judge.

### INTRODUCTION

This matter is before the Court on the Trustee's Objection To The Debtor's Schedule Of Exempt Property (hereinafter the "Trustee's Objection"). The issues before the Court involve the extent to which a debtor may claim as exempt property a mobile home which has not been converted to realty.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding

---

pursuant to 28 U.S.C. §§ 1334, 151 and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" which the Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(B).

FACTS

The facts in this case are not in dispute. On the date he filed his voluntary Chapter 7 petition, John Frank Kelly (hereinafter the "Debtor") owned a 1976 Crition mobile home in which he lived. The Debtor owns no real estate and rents the pad upon which the mobile home is situated. The Debtor claimed the mobile home as exempt property pursuant to Sections 513.475 and 513.-430(6) R.S.Mo.1986. The Trustee filed his Objections and argues that personal property (the Debtor's mobile home) may not be the subject of a homestead exemption.

DISCUSSION

■ The Trustee's position that the Debtor must own real estate to claim his mobile home as exempt is expressly contradicted by the terms of Section 513.430(6) which states that *any* mobile home used as a principal residence is exempt from attachment and execution to the extent of the Debtor's interest therein not exceeding $1,000.00. Section 513.427 (R.S.Mo.1986) permits a debtor to claim as exempt any property which is exempt from attachment and execution. Accordingly, the Debtor is eligible to exempt $1,000.00 in value of his mobile home used as his principal residence.

■ The next issue raised is whether the Debtor may exempt his mobile home when it has a value of between $1,000.00 and $8,000.00 and has not been converted to realty. Section 513.475.1 states in part:

"The homestead of every person, consisting of a dwelling house and appurtenances, and the land used in connection therewith, not exceeding the value of eight thousand dollars, which is or shall be used by such person as homestead, shall, together with the rents, issues and products thereof, be exempt from attachment and execution."

In support of the view that Chapter 513.-475 permits an exemption of a mobile home to a value of $8,000.00, the debtor relies upon *Matter of Melvin*, 64 B.R. 104 (Bankr. W.D.Mo.1986). There, the Court held that the term "homestead" used in Chapter 513.475 does not act "automatically to rule out a mobile home which had not been a subject of conversion under state law to real property." At p. 106. The Court in *Melvin* relies upon *In re Turner*, 44 B.R. 118 (Bankr.W.D.Mo.1984) for the proposition that a house trailer could constitute a homestead without any consideration for the provisions of Chapter 700.110 R.S.Mo.

Section 700.110 R.S.Mo. describes the methods by which a manufactured home (mobile home) may be converted to real estate. There is no dispute in this case that the Debtor produced no evidence to indicate that his mobile home had been converted to real estate. This appears to be a major distinction with the facts relied upon by the Debtor in *Matter of Melvin*, wherein the Debtor's contended that the mobile home had become a fixture on the land which they were purchasing. The Court in *Matter of Melvin* did not refer, discuss or acknowledge the application of Section 513.430(6) R.S.Mo.1986.

This Court is of the opinion that when the Missouri Legislature enacted 513.430(6) and 513.475.1 both in 1982, it must have intentionally distinguished between the terms "mobile home" and "dwelling house" used in the respective statutes. The bridge between the use of the term "mobile home" in 513.430(6) and the term "dwelling house" in 513.475.1 is bridged by the provisions of Section 700.110 wherein the Legislature describes how to convert a manufactured home (mobile home) to real estate (dwelling house).

Since the Debtor in this case did not convert his mobile home to real estate, the Court finds that Section 513.475.1 is not available to him. Accordingly, it is

ORDERED that the Trustee's Objection to the Debtor's claim of exempt property under Section 513.430(6) R.S.Mo. is DENIED and

IT IS FURTHER ORDERED that the Trustee's Objection to the Debtor's claim of exempt property under Section 513.475.1 is SUSTAINED.