### In re Lyle Dwight THORNTON and Cheri Eloise Thornton, Debtors.

### No. 01–61504.

United States Bankruptcy Court, W.D. Missouri, Southern Division.

Nov. 19, 2001.

---

Kenneth P. Reynolds, Esq., Reynolds & Gold, Springfield, MO, for Debtors.

Fred C. Moon, Esq., Springfield, MO, for trustee.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Chief Judge.

Chapter 7 debtors claimed a homestead exemption in 15.2 acres with a mobile home affixed, and they claimed a separate exemption in the mobile home. The Chapter 7 trustee objected to the claims of exemption. The debtors then filed a motion to compel abandonment of the mobile home and real estate, arguing that any dividend to the unsecured creditors would be *de minimis*. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## ISSUES PRESENTED

(1) Debtors own 15.2 acres of real estate and live in a mobile home that sits on the real estate. They claimed an $8000.00 homestead exemption in the real estate and a $2000.00 exemption in the mobile home. The Chapter 7 trustee objected. Under Missouri law a debtor can claim a homestead exemption in a dwelling house intended as a homestead and a personal property exemption in a mobile home used as a principal residence. Is a debtor entitled to both exemptions?

(2) Debtors scheduled $66,784.64 in general unsecured debt. If the Chapter 7 trustee sold the real estate, he would realize $1,119.51 in non-exempt equity for actual distribution to general unsecured creditors. The Bankruptcy Code provides that the Court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. Is such a distribution administratively burdensome and of inconsequential value to the estate?

## DECISION

(1) A debtor cannot live simultaneously in a dwelling house and a mobile home. Missouri law sets forth the steps required to convert a mobile home into a dwelling house. Once a mobile home is converted into a dwelling house, a debtor is not entitled to claim an exemption in a mobile home because the mobile home no longer exists.

(2) A distribution of $1,119.51, with scheduled claims of $66,784.64, would be burdensome to the estate to administer.

1. Mo. Stat. Ann. § 513.475.1 (Supp.2001).

2. *Id.* at § 513.430.6.

3. 85 B.R. 832 (Bankr.E.D.Mo.1988).

## FACTUAL BACKGROUND

On July 14, 2001, debtors filed a Chapter 7 bankruptcy petition. On Schedule C debtors claimed a homestead exemption in the amount of $8000.00 in 15.2 acres with a mobile home affixed, pursuant to section 513.475 of Missouri's Revised Statutes. Debtors also claimed an exemption in the mobile home in the amount of $2000.00, pursuant to section 513.430(6) of Missouri's Revised Statutes. On November 14, 2001, this Court held a hearing on both the trustee's objection and the debtors' motion to compel abandonment. As announced at the hearing, I find a plain reading of the exemption statutes in question reveals that the Missouri Legislature did not intend to enable debtors to claim both a homestead exemption and a mobile home exemption.

## DISCUSSION

Section 513.475 provides that a dwelling house and appurtenances that are now being used, or soon to be used, as a homestead are exempt from attachment and execution.[1] Section 513.430.6 provides that a mobile home used as the principal residence, not to exceed one thousand dollars in value, is exempt from attachment and execution.[2] As stated in *In re Kelly:* [3]

> This Court is of the opinion that when the Missouri Legislature enacted 513.430(6) and 513.475.1 both in 1982, it must have intentionally distinguished between the terms "mobile home" and "dwelling house" used in the respective statutes. The bridge between the use of the term "mobile home" in 513.430(6) and the term "dwelling house" in 513.475.1 is bridged by the provisions of Section 700.110 [4] wherein the Legislature describes how to convert a manu-

4. Section 700.110 was repealed in 1989 and replaced by section 700.111.

factured home (mobile home) to real estate (dwelling house).[5]

Thus, debtors are not entitled to claim that the same dwelling is both a mobile home, and a homestead affixed to the real estate. The issue, thus, becomes whether debtors have converted the mobile home to real estate, which entitles them to the larger homestead exemption, or whether it is still a mobile home, which entitles them to the smaller mobile home exemption. I find that debtors have converted the mobile home to real estate. Section 700.111 provides that the owner of a manufactured home may convert the home to real property by attaching the home to a permanent foundation and removing the transporting apparatus.[6] It is undisputed that the mobile home is on blocks with skirting around it. It is connected to a septic tank and its own well. The wheels and tires have been removed. I find that the removal of the wheels and tires, the installation of skirting, the placement of the structure on blocks, and the attachment of the structure to its own well and septic system all indicate an intent on the part of debtors to convert the mobile home to real estate. I, thus, find that debtors are entitled to claim a homestead exemption in the amount of $8,000.00. They are not, however, entitled to also claim a mobile home exemption. I, therefore, SUSTAIN IN PART the Chapter 7 trustee's objection to debtors' claim of exemption in a mobile home in the amount of $2000.00.

■ Debtors filed a motion to compel the Chapter 7 trustee to abandon the estate's interest in the real estate. Debtors argue that any dividend to the unsecured creditors would be *de minimis*. I agree.

The Court may order the trustee to abandon property that is of inconsequential value and benefit to the estate:

(a) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.[7]

The trustee presented evidence to prove that the fair market value of the real estate is $27,000.00. The property is encumbered by a mortgage in the amount of $14,280. According to the evidence offered at the hearing, the cost to sell the real estate would include a five percent commission in the amount of $1350.00 and advertising costs of $600.00. The debtors are entitled to their homestead exemption in the amount of $8000.00, their head of household exemption in the amount of $850.00,[8] and their remaining wild card exemption in the amount of $427.32.[9] The non-exempt equity is, therefore, $1,492.68 ($27,000.00 minus $14,280.00 minus $1350.00 minus $600.00 minus $8000.00 minus $850.00 minus $427.32 equals $1492.68). In addition, the Chapter 7 trustee would be entitled to a 25 percent fee on the distribution.[10] After deducting the trustee's fee of $373.17, the trustee would have available for distribution the sum of $1,119.51. Given the fact that debtors scheduled general unsecured debt in the amount of $66,784.64, I find a potential distribution of $1,119.51 ( 1.7 percent) to be of inconsequential value to the estate, or *de minimis*. I, therefore, GRANT debtors' motion to compel abandonment of 15.2 acres of real estate.

**5.** 85 B.R. at 833.

**6.** Mo. Stat. Ann. § 700.111 (2000).

**7.** 11 U.S.C. § 554(b).

**8.** Mo. Stat. Ann. § 513.440 (Supp 2001).

**9.** *Id.* at § 513.430.3 (Supp.2001).

**10.** 11 U.S.C. § 326.