**In re Patsy Ruth WHITE, Debtor.**

**Fredrich J. Cruse, Movant.**

**No. 02–41862–293.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

June 7, 2002.

Fredrich J. Cruse, Hannibal, MO, Chapter 7 Trustee.

Gregory O'Shea, St. Louis, MO, for Debtor.

### MEMORANDUM OPINION

DAVID P. MCDONALD, Chief Judge.

Chapter 7 Trustee Fredrich Cruse objects to Debtor's homestead exemption and head of household exemption. Debtor is a single person and has not listed any dependant children in her bankruptcy schedules. Because Debtor is not the head of a household, she is not entitled to that exemption. Debtor resides in a mobile home located in a mobile home park. She has claimed a mobile home exemption and a homestead exemption based on her residence in her mobile home. Debtor's mobile home is personal property which does not qualify for a homestead exemption.

### JURISDICTION AND VENUE

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 9.01(B) of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(B), which the Court may hear and determine. Venue is proper in this District under 28 U.S.C. § 1409.

### PROCEDURAL BACKGROUND

On February 21, 2002, Debtor Patsy Ruth White filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330. The first meeting of creditors was held on March 27, 2002. Trustee filed an objection to White's head of household and homestead exemptions on April 17, 2002. On May 14, 2002, a hearing was scheduled concerning Trustee's objection. In lieu of

a hearing, the case was submitted on the on the parties' briefs in support of their positions.

## FACTUAL FINDINGS

The Court finds the following facts from the record in the case file:

1. Debtor Patsy Ruth White is a widow. She is unmarried.

2. White resides in a 1994 Fleetwood mobile home which is located in a mobile home park. White does not own the land on which the mobile home is situated.

3. White filed for relief under Chapter 7 of the United States Bankruptcy Code on February 21, 2002.

4. White did not list any dependant children in her bankruptcy Schedule I.

5. White did not list any real property in her bankruptcy Schedule A.

6. White listed her 1994 Fleetwood mobile home as personal property under bankruptcy Schedule B.

7. White claimed a head of household exemption under section 513.440 R.S.Mo. in the amount of $850.00 in her bankruptcy Schedule C.

8. White claimed a mobile home exemption under section 513.430(6) R.S.Mo. in the amount of $1,000.00 in her bankruptcy Schedule C.

9. White claimed a homestead exemption under section 513.475 R.S.Mo. in the amount of $8,000.00 in her bankruptcy Schedule C.

## DISCUSSION

Debtor Patsy Ruth White has claimed a head of household exemption and a homestead exemption in her bankruptcy schedules. Trustee objects to these two exemptions.

### Head of Household Exemption

■■■■ White is an unmarried widow. She did not list any dependent children in her bankruptcy Schedule I. A head of household exemption under section 513.440 R.S.Mo.[1] is only available to debtors who are supporting a household, that is, where the debtor is helping support a spouse and/or dependent children. *In re Thorpe,* 251 B.R. 723, 725 (Bankr.W.D.Mo.2000). A single person with no dependant children is not supporting a household. Consequently, Trustee's objection to White's claim of a head of household exemption will be sustained because White does not qualify for that exemption.

### Homestead Exemption

White owns a mobile home which is located in a mobile home park. White does not own the land upon which her mobile home is situated. White argues that her residence in the mobile home entitles her to two exemptions, a mobile home exemption in the amount of $1,000.00 under section 513.430(6) R.S.Mo.[2] and an $8,000.00 homestead exemption under section 513.475 R.S.Mo.[3]

■■■■ White did not list any real property in her bankruptcy Schedule A. She listed

---

**1.** Section 513.440 R.S.Mo. states that: "Each head of a family may select and hold, exempt from execution, any other property, real, personal or mixed, or debts and wages, not exceeding in value the amount of eight hundred fifty dollars plus two hundred fifty dollars for each of such person's unmarried dependent children under the age of eighteen years, except ten percent of any debt, income, salary or wages due such head of a family."

**2.** Section 513.430(6) R.S. Mo. states in relevant part that: "The following property shall be exempt from any attachment and execution to the extent of any person's interest therein: ... (6) Any mobile home used as a principal residence, not to exceed one thousand dollars in value: ...."

**3.** Section 513.475 states in pertinent part that: "1. The homestead of every person, consisting of a dwelling house and appurtenances, and the land used in connection

her mobile home as personal property in her bankruptcy Schedule B. In order to convert a mobile home from personal property to real property a debtor must attach the mobile home to a permanent foundation situated on real estate owned by the mobile home owner. Section 700.111 R.S.Mo. White's mobile home is attached to a foundation in a mobile home park. She does not own the real estate to which her mobile home is attached. Therefore, White properly listed her mobile home as personal property in her Schedule B because it was never converted to real property.

■ Despite the status of her mobile home as personal property, White asserts that she is able to claim both a mobile home exemption under section 513.430(6) R.S.Mo. and a homestead exemption under section 513.475 R.S.Mo. Trustee argues that White is only entitled to a mobile home exemption. Trustee is correct.

Under the Revised Missouri Statutes, the Missouri legislature allows the exemption of certain enumerated property from attachment and execution. When the Missouri legislature enacted section 513.430(6) and section 513.475, both in 1982, it intentionally distinguished between the terms a "mobile home" and a "dwelling house" as used in the respective statutes. *See In re Thornton,* 269 B.R. 682, 684 (Bankr. W.D.Mo.2001). In order to convert a mobile home to a dwelling house, the mobile home owner must attach the mobile home to real estate in the manner prescribed by section 700.111 R.S.Mo. *Id.* at 684–685. White has not converted her mobile home into a dwelling house under the procedures outlined in section 700.111. Consequently, she cannot claim a homestead exemption based on her residence in her mobile home which has not been converted to real property.

therewith, not exceeding the value of eight thousand dollars, which is or shall be used by

Logic dictates the same result. If White's assertions were true, debtor mobile home owners would receive an $8,000.00 homestead exemption and an additional $1,000.00 exemption simply because they reside in a mobile home. Debtors who reside in a house built on land would only receive the $8,000.00 homestead exemption. Nothing in the Revised Missouri Statutes, the legislative history of Missouri exemptions, or Missouri case law remotely suggests that mobile home owners should enjoy such an additional preferential exemption.

Although White can properly claim a mobile home exemption under section 513.430(6), she does not qualify for a homestead exemption under section 513.475. Trustee's objection to White's homestead exemption will be sustained.

An Order consistent with this Memorandum Opinion will be entered this date.

such person as a homestead, shall,..., be exempt from attachment and execution."