# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 10-6072

---

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Virgil Hurd, Jr., | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Fred C. Moon, | * | Appeal from the |
| | * | United States |
| Trustee - Appellant, | * | Bankruptcy Court for the |
| | * | Western District of Missouri |
| v. | * | |
| | * | |
| Virgil Hurd, Jr. , | * | |
| | * | |
| Debtor - Appellee. | * | |

---

Submitted: December 1, 2010
Filed: December 15, 2010

---

Before KRESSEL, Chief Judge, SCHERMER and NAIL, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

Fred C. Moon, Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Virgil Hurd, Jr. (the "Debtor"), appeals from an order overruling the Trustee's objection to the Debtor's claim of an exemption in a 1997 Wrangler Gooseneck 2 Horse Trailer (the "Trailer") pursuant to § 513.430.1(6) of the Missouri Revised

Statutes. We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we reverse.

## ISSUE

The issue on appeal is whether the Debtor was entitled to an exemption in the Trailer under § 513.430.1(6) of the Missouri Revised Statutes. We conclude that he was not.

## BACKGROUND

On April 7, 2010, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Missouri. He listed the Trailer on his schedule of personal property, assigning it a value of $3,000.[1] The Debtor included the Trailer on his schedule of exemptions, claiming the entire $3,000 value of the camping trailer as exempt under MO. REV. STAT. § 513.430.1(6).[2]

The Debtor moved into the Trailer in 2008 after his ex-wife "kicked [him] out." At the time of his move, he fixed the Trailer as his living quarters so he could stay warm. The Debtor obtains electricity for the Trailer by plugging it into a socket. His water comes from a barrel with a pump. The Trailer is twenty feet long and six feet wide.

The Debtor receives his mail at the address listed for the land where the Trailer is parked. The Trailer is parked on the property of the Debtor's friend, Jeff Julian.

---

[1] The Debtor's schedules refer to the Trailer as a "camping trailer." At trial and in papers filed with the bankruptcy court, the Debtor described the Trailer as the item he listed as a "camping trailer" on his schedules.

[2] On his Schedules, the Debtor claimed the Trailer exempt pursuant to "RSMo 513.430(6)." It is clear from a reading of the statute that the Debtor was referring to MO. REV. STAT. § 513.430.1(6).

When the Debtor began parking his Trailer on Mr. Julian's property, the Debtor was renting Mr. Julian's farm. Thereafter, Mr. Julian allowed the Debtor to park the Trailer on his property without paying rent, provided that the Debtor paid the electric bill.

The Debtor's girlfriend lives in a house. Since January 2010, the Debtor has spent approximately seventy percent of his time staying overnight at his girlfriend's house. During the winter of 2009, he spent approximately fifty-five to sixty percent of his time staying overnight at his girlfriend's house. Prior to the time when he filed his bankruptcy petition, the Debtor was served with process at his girlfriend's house.

In addition to using the Trailer as a place to sleep, the Debtor has also used it for transporting his own horses and his girlfriend's horses. The Trailer is moved using the Debtor's pickup truck.

The Trustee objected to the Debtor's claim of an exemption in the Trailer. At a trial on the Trustee's objection, the Trustee contended that during the six to twelve month period before the Debtor filed his bankruptcy petition, the Debtor did not use the Trailer as his principal residence. He also argued that the Trailer did not qualify as a "mobile home" under § 513.430.1(6) and did not meet the requirements for the definition of a "manufactured home" under § 700.010 of the Missouri Revised Statutes.

The bankruptcy court overruled the Trustee's objection to the Debtor's exemption. It explained that exemptions should be liberally construed and commented that it did not necessarily know that Missouri law requires all mobile homes to satisfy the definition of "manufactured home" under § 700.010. The bankruptcy court noted that even though the structure was not manufactured with the intent that it be used as a residence, it was somewhat modified such that it could be used as the Debtor's residence, it was used by the Debtor at least part of the time as

a home, the Debtor is not married and has no other place to live except his girlfriend's home. The Debtor used the Trailer because he had no other place to live.

On appeal, the Trustee argued that the bankruptcy court should not have determined that the Trailer was a "mobile home" under § 513.430.1(6) without proof that the Trailer satisfied the requirements of §700.010, and that the bankruptcy court erred when it determined that the Trailer was used as the Debtor's principal residence. The Debtor did not participate in any way in this appeal.

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *Moss v. Block (In re Moss),* 266 B.R. 697, 700 (B.A.P. 8th Cir. 2001)(citations omitted), *aff'd,* 289 F.3d 540 (8th Cir. 2002).

## DISCUSSION

In general, a debtor's bankruptcy estate consists of "all legal or equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1); *Benn v. Cole (In re Benn)*, 491 F.3d 811, 813 (8th Cir. 2007). Bankruptcy Code § 522(b) provides a debtor with the option to exempt certain property from his estate. 11 U.S.C. § 522(b). "[M]ost assets become property of the estate upon the commencement of the bankruptcy case, *see* 11 U.S.C. § 541, and exemptions represent the debtor's attempt to reclaim those assets or, more often, certain interests in those assets, to the creditors' detriment." *Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi)*, 432 B.R. 812, 820 (B.A.P. 9th Cir. 2010)(quoting *Schwab v. Reilly*, 560 U.S. —, —, 130 S.Ct. 2652, 177 L.Ed.2d 234 (2010)).

Pursuant to § 522(b) of the Bankruptcy Code, a debtor may exempt from property of the estate: (1) property listed in Bankruptcy Code § 522(d); or (2) property which is exempt under applicable federal law other than § 522(d) and the state and local laws of the place where the debtor has been domiciled for a specified period of

4

time.  11 U.S.C. § 522(b)(1).  A state may opt out of the §522(d) exemptions.  11 U.S.C. § 522(b)(2).  A debtor whose domicile is in a state that has opted out of the federal Bankruptcy Code exemptions is limited to the exemptions applicable under federal law other than § 522(d) and the laws of such state and locality.  11 U.S.C. § 522(b)(2) and (3).

The Trustee does not dispute that Missouri is the Debtor's domicile.  Pursuant to § 513.427 of the Missouri Revised Statutes, Missouri has opted out of the federal exemption scheme.  MO. REV. STAT. § 513.427.  Because the Debtor claimed an exemption pursuant to § 513.430.1(6) of the Missouri Revised Statutes, the scope of the exemption is to be determined by Missouri state law.  *Norwest Bank Neb., N.A. v. Tveten (In re Tveten),* 848 F.2d 871, 873 (8th Cir. 1988)("When the debtor claims a state-created exemption, the scope of the claim is determined by state law.").  Exemptions are to be construed liberally in favor of the exemption.  *Id*. at 875.  The Trustee bears the burden of proving that the exemption should be disallowed.  *See* Fed. R. Bankr. P. 4003(c)(objecting party has burden of proving that exemption is not properly claimed).

### MO. REV. STAT. §513.430.1(6)

Section 513.430.1 sets forth a list of property for which a debtor's interest is exempt from attachment and execution.  MO. REV. STAT. § 513.430.1.  Subsection 6 includes "[a]ny *mobile home* used as the principal residence but not on or attached to real property in which the debtor has a fee interest, not to exceed five thousand dollars in value." MO. REV. STAT. § 513.430.1 (6)(emphasis added).  The term "mobile home" is not defined in § 513.430.  However, § 700.010(6) defines the phrase "manufactured home," in pertinent part, as:

> a factory-built structure or structures which, in the traveling mode, is *eight body feet or more in width or forty body feet or more in length*, or, when erected on site, contains three hundred twenty or more square feet,

5

equipped with the necessary service connections and made so as to be readily movable as a unit or units on its or their own running gear and designed to be used as a dwelling unit or units with or without a permanent foundation.

MO. REV. STAT. § 700.010(6)(emphasis added). No separate definition is included for the term "mobile home" in § 700.010.

We interpret the description of "manufactured home" in § 700.010(6) as defining the term "mobile home" in § 513.430.1(6). The title of Chapter 700 of the Missouri Revised Statutes refers to manufactured homes and mobile homes synonymously. It is called "Manufactured Homes (Mobile Homes)." MO. REV. STAT. § 700.010 *et seq*. In contexts other than defining the term "mobile home" under § 513.430.1(6), Chapter 700 has been regarded as applying to mobile homes. *See, e.g., Meyers v. Johnson*, 182 S.W.3d 278, 281 and n.2 (Mo. Ct. App. 2006)(using Chapter 700 section that discusses application for certificate of title for manufactured home to determine court's jurisdiction based on title, if any, appellant obtained over mobile home); *In re White*, 287 B.R. 232, 234-35 (Bankr. E.D. Mo. 2002)(examining whether mobile home was converted to realty under section of Chapter 700 that refers to manufactured homes); *In re Thornton*, 269 B.R. 682, 684-85 (Bankr. W.D. Mo. 2001)(same); *Parker v. Parker (In re Parker)*, 25 S.W.3d 611, 615-16 (Mo. Ct. App. 2000)(same); *Ferrell Mobile Homes, Inc. v. Holloway*, 954 S.W.2d 712, 714-15 (Mo. Ct. App. 1997)(determining party's right of possession to mobile home under sections of Chapter 700 referring to abandoned manufactured homes); *see also Green Tree Servicing, LLC v. Coleman (In re Coleman)*, 392 B.R. 767, 772-73 (B.A.P. 8th Cir. 2008)(discussing the classification of manufactured homes and mobile homes as real or personal property under Chapter 700).

The Trailer does not qualify as a mobile home. It measures twenty feet long and six feet wide, meaning it contains only 120 square feet. Section 700.010(6) requires the structure to be eight feet wide and forty feet long or to contain three

hundred and twenty or more square feet.  Because the Trailer does not meet the threshold requirement under § 513.430.1(6) that it be a mobile home, we do not need to analyze whether the Trailer was used by the Debtor as his principal residence as required by § 513.430.1(6).

## MO. REV. STAT. § 513.475.1

The Debtor claimed the exemption in the Trailer pursuant to § 513.430.1(6).  However, we note that the Debtor also would not be entitled to exempt the Trailer under § 513.475.1 of the Missouri Revised Statutes.   That statute provides, in pertinent part, an exemption for "[t]he homestead of every person, consisting of a dwelling house and appurtenances, and the land used in connection therewith, not exceeding the value of fifteen thousand dollars, which is or shall be used by such person as a homestead."  MO. REV. STAT. § 513.475.1.  A plain reading of the term "dwelling house" suggests that it does not include a trailer designed and constructed to move horses from one place to another.

## CONCLUSION

For the foregoing reasons, we reverse the decision of the bankruptcy court.